1  JOSEPH P. RUSSONIELLO
   United States Attorney
2  BRIAN J. STRETCH (CASBN 163973)
   Chief, Criminal Division
3  STACEY P. GEIS (CASBN 181444)
   JONATHAN SCHMIDT (CABSN 230646)
4  Assistant United States Attorneys
   450 Golden Gate Ave., 11th Floor
5  San Francisco, CA 94102
   (415) 436-6776 (tel)
6  (415) 436-7234 (fax)
   Jonathan.Schmidt@usdoj.gov
7

8  RONALD J. TENPAS
   Assistant Attorney General
9  Environment and Natural Resources Division
   United States Department of Justice
10 DAVID B. JOYCE
   Trial Attorney
11 Environmental Crimes Section
   P.O. Box 23985
12 L'Enfant Plaza Station
   Washington, DC 20004
13 (202) 305-0321 (tel)
   (202) 305-0396 (fax)
14 David.Joyce@usdoj.gov

15
   Attorneys for Plaintiff
16 United States of America

17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                      SAN FRANCISCO DIVISION
20

21                                  )   CR 08-0160 MAG
                                    )
22 UNITED STATES OF AMERICA,        )
                                    )   UNITED STATES' MOTION
23      Plaintiff,                   )   FOR AUTHORITY TO COMPLY
                                    )   WITH THE CRIME VICTIMS' RIGHTS
24 v.                               )   (18 U.S.C. § 3771) USING APPROPRIATE
                                    )   ALTERNATIVE MEASURES
25 JOHN JOSEPH COTA,                )
                                    )
26      Defendant.                   )
                                    )
27                                  )
                                    )
28 _____ )

The United States, by this motion, seeks an order from the Court authorizing the United States to comply with the Crime Victims' Rights Act of 2004 ("the Act"), codified at 18 U.S.C. § 3771, by using appropriate alternative measures in cases with large numbers of potential victims who are challenging to identify and locate. Specifically, the government seeks the Court's approval for complying with the Act by publishing information on the United States Attorney's Office's website and through notice to civil counsel and industry organizations rather than using the mail and other the traditional methods of personal victim notification which would be unduly burdensome in this case and potentially less effective in providing notice to potential victims.

## I.  The Pending Charge

On March 18, 2008, the United States filed a two-count criminal information charging Defendant John Cota with violations of the Clean Water Act and the Migratory Bird Treaty Act. These charges arise out of the defendant's alleged negligence in piloting the *M/V Cosco Busan* on November 7, 2007. The criminal information alleges that "Defendant Cota, while piloting the *M/V Cosco Busan*, caused approximately 58,000 gallons of heavy fuel oil to be discharged from the vessel into San Francisco Bay by acting in a negligent manner." Criminal Information ¶ 13.

## II.  The Crime Victims' Rights Act

The Crime Victims' Rights Act, 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights are the right to "reasonable, accurate, and timely notice" of public court proceedings. *See* 18 U.S.C. § 3771(a)(2). It further provides that agencies of the United States shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a). *Id.* § 3771(c)(1). The Act defines a crime victim as "a person directly and proximately harmed" as a result of the commission of a federal offense. *Id.* § 3771(e). In this case, any individual or entity who suffered pecuniary harm as a result of the oil spill is a potential victim, and the victims may well number in the hundreds.

The Act recognizes that where there are multiple crime victims identification or

personal notification of victims may be impracticable.  Accordingly it allows a court to "fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong the proceedings."  Id. § 3771(d)(2).  The United States submits that this case falls within the "multiple crime victims" provision.

### III.  Argument

The November 7, 2007, oil spill from the *M/V Cosco Busan* resulted in the closure of crab fishing grounds and beaches.  Individuals directly and indirectly dependent on San Francisco Bay and surrounding areas for economic purposes likely suffered pecuniary loss as a result of the oil spill.  Many of these individuals are commercial fishermen who earn their living at sea and are not easily contacted.  Furthermore, there is no readily apparent mechanism through which to identify individuals who may have suffered pecuniary loss.  Because of this difficulty, the government respectfully requests that this Court issue an order permitting the government to comply with the Act through the following mechanisms: (1) contacting counsel in pending civil suits related to the oil spill and requesting that notice be provided to their clients;[1] (2) contacting relevant industry and trade organizations and requesting that notice be provided to their members or a membership list be provided to the United States;[2] and (3) posting information relevant to the notification of victims on the website for the United States Attorney's Office's for the Northern District of California. The notice will contain the following information:

a. The caption, case number, assigned judge, and names of the defendants and corporate entities involved in the case;

b. A listing of upcoming public proceedings scheduled in the case along with the

---

[1]  The United States is aware of two pending civil suits seeking damages as a result of the spill. These cases are *Chelsea, LLC v. Regal Stone, Ltd. et al*, Case No. 3:07-cv-05800-SC and *Shogren Living Trust et al v. Regal Stone, Ltd. et al*, Case No. 3:07-cv-05926-SC.

[2]  To date, the United States has identified the Pacific Coast Federation of Fishermen's Associations, the Crab Boat Owners' Association, and the Small Boat Commercial Salmon Fishermen's Association as organizations whose members may be victims of the charged crime.

date, time, and location of the proceedings;

c.  The name and contact information for the United States Attorney's Office official with responsibility for addressing victims' rights;

d.  A substantially verbatim listing of the rights provided in Title 18, United States Code, Section 3771(a); and

e.  A copy of the Information in this case.

The United States will update the internet posting as necessary to reflect newly scheduled public court proceedings within a reasonable period of time after they are scheduled. This information is available at http://www.usdoj.gov/usao/can/community/Notifications/index.html.[3]  Furthermore, any victim who contacts the United States Attorney's Office and requests notification will be placed into the Victim Notification System and will receive automatic case updates.

This or similar methods of compliance have been adopted in other cases where the large number of potential victims made direct notification by mail impracticable or unduly burdensome. *See, e.g., United States v. Reyes*, NO. CR 06-0556-CRB (N. Dist CA, 2007) June 13, 2007 Order (court permitted government to satisfy victim notification requirement by posting notice in the *Wall Street Journal*, and by posting information on the Unites States Attorney's website); (attached hereto as Exhibit A) *United States v. Skilling & Lay*, Cr. No. H-04-25 (S.D. Tex. 2006), Jan. 31, 2006 Order (attached hereto as Exhibit B) (court permitted government to satisfy the victims' notice requirement by posting notice on the Department of Justice website and by providing notice to counsel in the shareholders' civil class action lawsuit);Justice for All  *United States v. Fastow*, Cr. No. H-02-0665 (S.D. Tex.), Jul. 20, 2006 Order (granting government motion to comply with Act by publishing a notice in one national and one local newspaper on two occasions, and by posting the information on the Department of Justice website) (attached

---

[3] In keeping with the spirit and objectives of the CVRA, the United States has already taken the above three steps in an effort to contact victims expeditiously.

as Exhibit C); *United States v. Solvay S.A.*, Cr. No. 06-0159 MMC, Mar. 24, 2006 Order

(granting motion to provide notice through government website and letters to lead counsel

for the direct purchaser plaintiffs in parallel class action) (attached as Exhibit D); *United

States v. Howard and Krautz*, Cr. No. H-03-93-04 (Gilmore, J.), Apr. 26, 2006 Order

(authorizing government to comply with Act by posting notice on Department of Justice

website and by giving notice to lead counsel in parallel class action lawsuit) (attached as

Exhibit E).

### IV.  Conclusion

    In sum, the United States submits that (1) it is impracticable to identify and give every

potential victim individual notice of every court proceeding; and (2) contacting civil

counsel and industry organizations and using the United States Attorney's Office website

to give notice under Section 3771(a)(2) is a "reasonable procedure" under Section

3771(d)(2) for providing notice to victims of the alleged offenses. The United States

therefore asks that the Court find that individualized notice is impracticable and that the

//

//

//

//

//

//

//

//

//

//

//

//

//

//

1  proposed notice procedure satisfies the requirements of 18 U.S.C. § 3771.

2

3  Respectfully submitted,

4

5      JOSEPH P. RUSSONIELLO           RONALD J. TENPAS
       United States Attorney                  Assistant Attorney General

6      BRIAN J. STRETCH                 Environment and Natural Resources
       Chief, Criminal Division             Division

7                                             United States Department of Justice

8  By: _____S/S_____    By: _____S/S_____

9      JONATHAN SCHMIDT               DAVID B. JOYCE
       Assistant United States Attorney       Trial Attorney

10                                            Environmental Crimes Section

11

12 DATED: March 25, 2008

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2      The undersigned hereby certifies that she is an employee of the office of the United States

3  Attorney, Northern District of California and is a person of such age and discretion to be

4  competent to serve papers.  The undersigned certifies that she caused copies of

5  **UNITED STATE'S MOTION FOR AUTHORITY TO COMPLY WITH THE CRIME**
   **VICTIMS' RIGHTS (18 U.S.C. § 3771) USING APPROPRIATE ALTERNATIVE**
6  **MEASURES**

7  **[PROPOSED] ORDER GRANTING UNITED STATES' MOTION FOR AUTHORITY**
   **TO COMPLY WITH THE CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771) USING**
8  **APPROPRIATE ALTERNATIVE MEASURES**

9  in the case of **UNITED STATES v. JOHN JOSEPH COTA, CR 08-0160 MAG** to be served

10 on the parties in this action, by placing a true copy thereof in a sealed envelope, addressed as

11 follows which is the last known address:

12                         **Jeffrey L. Bornstein**
              **Kirkpatrick and Lockhart Preston Gates Ellis LLP**
13                    **55 Second Street Suite 1700**
                      **San Francisco, CA 94105**
14                       **Tel: (415) 249-1059**
                         **Fax: (415) 882-8220**
15                 **Email: jeff.bornstein@klgates.com**

16
17  _____  (By Personal Service), I caused such envelope to be delivered by hand to the person or
           offices of each addressee(s) above.

18  _____  (By Facsimile), I caused each such document to be sent by Facsimile to the person or
           offices of each addressee(s) above.
19
20   __X__  (By Mail), I caused each such envelope, with postage thereon fully prepaid, to be placed
            in the United States mail at San Francisco, California.

21  _____ (By Fed Ex), I caused each such envelope to be delivered by FED EX to the address
            listed above.
22
        I declare under penalty of perjury that the foregoing is true and correct.
23

24  Dated:  March 25, 2008

25

26                                        _____/s/_____
                                          RAWATY YIM
27                                        United States Attorney's Office

28

# EXHIBIT A

Government's Exhibit

1   SCOTT N. SCHOOLS (SCBN 9990)
    United States Attorney

2
    MARK L. KROTOSKI (CSBN 138549)
3   Chief, Criminal Division

4   TIMOTHY P. CRUDO (CSBN 143835)
    ADAM A. REEVES (DCBN 429112)
5   Assistant United States Attorneys

6   450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
7   Telephone: (415) 436-7200
    Fax: (415) 436-7234
8   Timothy.Crudo@usdoj.gov
    Adam.Reeves@usdoj.gov
9

10  Attorneys for UNITED STATES OF AMERICA

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

15  UNITED STATES OF AMERICA,          )    CR 06-0556 CRB
                                       )
16          Plaintiff,                 )    [PROPOSED] ORDER AUTHORIZING
                                       )    THE UNITED STATES TO COMPLY
17      v.                             )    WITH THE JUSTICE FOR ALL ACT
                                       )    USING APPROPRIATE ALTERNATIVE
18                                     )    MEASURES
    GREGORY L. REYES,                  )
19                                     )    Trial Date: June 18, 2007
                                       )    Judge: Hon. Charles R. Breyer
20          Defendant.                 )    Location: Courtroom 8
                                       )
21

22

23          Upon application of the United States of America, the Court finds that (1) the number of

24  potential victims in this case makes it impracticable to provide individual notice as contemplated

25  in the Justice for All Act ("the Act") at 18 U.S.C. § 3771(a)(2); (2) accordingly, the "multiple

26  crime victims" provision of the Act applies to this case; and, (3) the means of notifying potential

27  victims as set forth in the United States' Motion for Authority to Comply with the Justice for All

28  Act Using Appropriate Alternative Measures constitutes a "reasonable procedure" to give effect

    Proposed Order - Victim Notification
    CR-06-0556 CRB

                                        4

1    to the notice provisions of the Act.

2         IT IS HEREBY ORDERED:

3         The United States Motion for Authority to Comply with the Justice for All Act Using

4    Appropriate Alternative Measures is granted. Accordingly, the United States is authorized to

5    comply with 18 U.S.C. § 3771(a)(2) by giving notice to potential victims in this case by posting a

6    notice in the *Wall Street Journal*, and by posting information relevant to the notification of

7    victims on the website for the United States Attorney's Office's for the Northern District of

8    California, located at http://usdoj.gov/usao/can/index.html, on an ongoing basis throughout the

9    court proceedings.

10

11   DATED:  June 13, 2007



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proposed Order - Victim Notification
CR-06-0556 CRB

5

# EXHIBIT B

Government's Exhibit

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB - 1 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. H-04-25 (Lake, J.) |
| JEFFREY K. SKILLING, and | § | |
| KENNETH L. LAY, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Having considered the Government's Motion for Authorization to Establish

Procedures to Provide Notice to Victims Pursuant to 18 U.S.C. § 3771, the Court finds (1)

that the number of victims in this case makes it impracticable to accord all of the victims

the right to individual notice guaranteed in 18 U.S.C. § 3771(a)(2); (2) that, accordingly,

the "multiple victims" provision of 18 U.S.C. § 3771(d)(2) applies to this case; (3) the

means of notifying victims set forth in the Government's Motion for Authorization to

Establish Procedures to Provide Notice to Victims constitutes a "reasonable procedure" to

give effect to the notice provisions of 18 U.S.C. § 3771(a)(2).

6

IT IS HEREBY ORDERED THAT

The government is authorized to comply with 18 U.S.C. § 3771(a)(2) and give

notice of court proceedings to potential victims in this case by posting notice on the

Department of Justice website and by giving notice to lead counsel in the class action

lawsuit, *Newby et al. v. Enron Corp. et al.*, Civil Action No. H-01-3624.

DATED:        JAN. 31, 2006

HON. SIM LAKE
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT
# C

Government's Exhibit

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CRIMINAL NO. H-02-0665 |
| | § | |
| ANDREW S. FASTOW, *et al*, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On January 14, 2004, the defendant Andrew S. Fastow entered a plea of guilty pursuant to a plea agreement to the offenses of: (a) conspiracy to commit wire fraud, and (b) conspiracy to commit wire fraud and securities fraud. Following the plea colloquy, the Court directed the Probation Office to prepare a Presentence Investigation Report. That report is complete; and, sentencing has been set for September 26, 2006.

The sentencing in this case is subject to the "Justice for All Act of 2004." *See* 18 U.S.C. § 3771(a) and (c)(1)(2). Therefore, the Court directs that, pursuant to statute, the Department of Justice cause to be issued a public notice accessible to persons directly or proximately harmed by the conduct of the defendant. Such notice shall include a statement of relevant "crime victim" rights as provided in § 3771(a)(1-8), be published in at least one (1) nationally and one (1) locally circulated newspaper on two (2) occasions no later and no earlier than two (2) weeks prior to September 26, 2006, and simultaneously posted on the Department of Justice's website. The publications [notice] shall inform the "crime victim" of his/her right to be heard at a public proceeding in the District Court courtroom prior to sentencing the defendant. Public statements shall commence at 9:00 a.m. and continue until completed.

In this regard, the Court sets the "crime victim" hearing and sentencing on the 26th day of September, 2006, in Courtroom 11-A, 515 Rusk Avenue, Houston, Texas. Parties who choose to speak publicly shall be allocated appropriate time in the order of personal appearance. Speakers are to sign-in at Courtroom 11-A on the morning of September 26, 2006, commencing at 8:00 a.m. Persons not signed-in or present to do so by 10:00 a.m., will not be permitted to speak publicly. The defendant shall be present for all public statements. Others who choose not to make a public statement, may voice concerns by letter(s) to the Court before September 26, 2006, at Post Office Box 61527, Houston, Texas 77208-1527.

It is so Ordered.

SIGNED and ENTERED this 20th day of July, 2006.

Kenneth M. Hoyt
United States District Judge

# EXHIBIT D

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                             SAN FRANCISCO DIVISION

11

12    UNITED STATES OF AMERICA              )      No. CR 06-0159 MMC
                                            )
13                    v.                    )      [PROPOSED] ORDER
                                            )      ESTABLISHING
14    SOLVAY S.A.,                          )      PROCEDURE FOR
                                            )      CRIME VICTIM NOTIFICATION
15                                          )      PURSUANT TO 18 U.S.C. § 3771
                              Defendant.    )
16    _____)
                                            )
17    UNITED STATES OF AMERICA              )      No. CR 06-0160 MMC
                                            )
18                    v.                    )
                                            )
19    AKZO NOBEL CHEMICALS INTERNATIONAL    )
      B.V.,                                 )
20                                          )
                              Defendant.    )
21    _____)

22          On this date the Court considered the Motion to Establish Procedure for Crime Victim

23    Notification Pursuant to 18 U.S.C. § 3771, filed by the United States Department of Justice,

24    Antitrust Division. Having considered the Motion and for good cause shown, the Court

25    GRANTS the Motion and ORDERS that for any public court or parole proceeding involving the

26    crime, or the release or escape of the accused in this case, the Antitrust Division may provide

27    reasonable, accurate, and timely notice through its web site, http://www.usdoj.gov/atr, and

28    through letters to lead counsel for the direct purchaser plaintiffs in the class action entitled In re

1  Hydrogen Peroxide Antitrust Litigation, rather than individual notices to the crime victims of the

2  hydrogen peroxide conspiracy.

3      Because there is a single victim of the sodium perborates conspiracy, it is practicable for

4  the government to give direct notice to that victim.

5

6  IT IS SO ORDERED.

7  Dated: ___March 24___, 2006.

United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT E

Government's Exhibit

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. H-03-93-04 (Gilmore, J.) |
| | § | |
| KEVIN HOWARD, | § | |
| MICHAEL KRAUTZ | § | |

### ORDER

Having considered the United States' Motion For Authorization to Establish Procedures to

Provide Notice to Victims Pursuant to 18 U.S.C. § 3771 as to the Sixth Superseding Indictment, the
potential

Court finds (1) that the number of victims in this case makes it impractible to accord all of the

victims the right to individual notice guaranteed in 18 U.S.C. § 3771(a)(2); that, accordingly, the

"multiple victims" provision of 18 U.S.C. § 3771(d)(2) applies to this case; (3) the means of
potential

notifying victims set forth in the United States Motion For Authorization to Provide Notice to

Victims Under the Justice for All Act as to the Sixth Superseding Indictment constitutes a

"reasonable procedure" to give effect to the notice provisions of 18 U.S.C. § 3771(a)(2).

IT IS HEREBY ORDERED THAT

The United States is authorized to comply with 18 U.S.C. § 3771(a)(2) and give notice of

court proceedings to potential victims in the case by posting notice on the department of Justice

website and by giving notice to lead counsel in the class action lawsuit, *Newby et al. v. Enron Corp.*

*et al.*, No. H 01-3624 *after the conclusion of the trial proceedings in this case if any defendant is found guilty.*

Dated: 4-26 , 2006
Houston, Texas

The Hon. Vanessa D. Gilmore
United States District Judge