JOSEPH P. RUSSONIELLO
United States Attorney
BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division
STACEY P. GEIS (CASBN 181444)
JONATHAN SCHMIDT (CABSN 230646)
Assistant United States Attorneys
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-6776 (tel)
(415) 436-7234 (fax)
Jonathan.Schmidt@usdoj.gov


RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
RICHARD A. UDELL
Senior Trial Attorney
Environmental Crimes Section
P.O. Box 23985
L'Enfant Plaza Station
Washington, DC 20004
(202) 305-0321 (tel)
(202) 305-0396 (fax)
David.Joyce@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN JOSEPH COTA,<br><br>    Defendant. | CR 08-0160 SI<br><br>UNITED STATES' MOTION AND [Proposed] ORDER TO ALLOW DISCOVERY OF THE *M/V COSCO BUSAN'S* NOVEMBER 7, 2007, BRIDGE RECORDING |

The United States, by this motion, seeks an order from the Court authorizing the parties to discover the vehicle recorder recording in this case.

## I.    Factual Background

Captain John Cota is charged with, among other things, negligently discharging oil into the San Francisco Bay in violation of 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3). The charges stem from an incident on November 7, 2007, when Captain Cota was piloting the *M/V Cosco Busan*, a container ship. The ship allided into one of the towers of the Bay Bridge, and spilled oil into the Bay.

A key issue in the case is whether Captain Cota piloted the ship in a negligent manner. While Captain Cota piloted the ship, his and the crew's dialogue was captured on a voice data recorder (VDR). The National Transportation Safety Board (NTSB) has released a transcript of the recording, but not the actual recording. (A copy of the transcript is attached as Exhibit A.) The transcript contains relevant information such as Captain Cota issuing commands, crew members commenting on visibility, and a discussion regarding the symbols on an electronic chart. Without the actual recording, it is difficult to fully understand and verify the accuracy and completeness of the transcript. The crew members who are recorded on the recording are being held as material witnesses in this case. *See* In Re Material Witness Warrants. CR 07 90552 MISC VRW (JCS). Here the recording would compliment the transcript by providing information on the speakers' identities and the accuracy of the transcript. In short, the recording is the best evidence of what transpired on the bridge of the *M/V Cosco Busan* before it allided with the Bay Bridge.

## II.    The Law

Under 49 U.S.C. § 1114(d), the NTSB may "not disclose publicly any part of a surface vehicle voice or video recorder . . ." the NTSB is allowed, as they did in this case, to release the transcript of the recording.

The Court may authorize limited disclosure of the recording to ensure a fair trial. Pursuant to 49 U.S.C. § 1154(a) (3)"[A] court may allow discovery by a party of a cockpit

or surface vehicle recorder recording if, after an in camera review of the recording, the court decided that – (A) the part of the transcript made available to the public . . . do not provide the party with sufficient information for the party to receive a fair trial; and (B) discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial."

When a court authorizes disclosure of the recordings, the court should issue a protective order. Specifically "[w]hen a court allows discovery in a judicial proceeding of a part of a cockpit or surface vehicle recorder transcript not made available to the public under section 1114(c) or 1114(d) of this title or a cockpit or surface vehicle recorder recording, the court shall issue a protective order– (I) to limit the use of the part of the transcript or the recording to the judicial proceeding; and (ii) to prohibit dissemination of the part of the transcript or the recording to any person that does not need access to the part of the transcript or the recording for the proceeding." 49 U.S.C. § 1154(a) (4).

### III. Argument

Here the recording is the best evidence of what transpired on the bridge of the *M/V Cosco Busan* before it allided with the Bay Bridge. The release of the recording is crucial to verify the accuracy of the transcript, to identify the speakers in the transcript, and to better understand the context of the statements in the transcript. Furthermore, the VDR recording includes a period of time that is longer in duration than the limited portion transcribed by the NTSB. Finally, in addition to the need to provide the defendant with a copy of the VDR for discovery purposes, it is also necessary for the parties to be able to share the tape with the material witness crew members and their counsel. Accordingly the Court, subject to a protective order, should authorize disclosure of the recording to the defendant and to the material witnesses in this case and their counsel.

Defense counsel has informed the United States that he believes that a protective order is neither required nor necessary.

As required by the statute, a copy of the *M/V Cosco Busan*'s November 7, 2007,

1  bridge recording will be submitted under separate cover for the Court's in camera review.
2  Respectfully submitted,

3  JOSEPH P. RUSSONIELLO       RONALD J. TENPAS
   United States Attorney      Assistant Attorney General
4  BRIAN J. STRETCH            Environment and Natural Resources
   Chief, Criminal Division    Division
5                              United States Department of Justice

6  By:_____/S/_____  By:_____/S/_____
   JONATHAN SCHMIDT            Trial Attorney
7  Assistant United States Attorney   Environmental Crimes Section

8

9  DATED: May 7, 2008

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JOSEPH COTA,<br><br>Defendant. | CR 08-0160 SI<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING THE *M/V COSCO BUSAN'S* NOVEMBER 7, 2007, BRIDGE RECORDING |

The Court has reviewed in camera the following:

- a copy of the *M/V Cosco Busan*'s November 7, 2007, bridge recording,
- the transcript of the recording made available to the public,
- the United States' Motion To Allow Discovery of The *M/V Cosco Busan's* November 7, 2007, Bridge Recording, and
- the indictment in this case.

The Court finds that the part of the transcript made available to the public does not

1

1. provide the parties in this case with sufficient information for the parties to receive a fair
2. trial, and discovery of the bridge recording is necessary to provide the parties with
3. sufficient information for the party to receive a fair trial.
4.     Accordingly pursuant to Federal Rule of Criminal Procedure Rule 16 and 49 U.S.C. §
5. 1154(a) (4) the Court authorizes disclosure of the bridge recording pursuant to
6. following protective order:
7.     (A) the use of the recording is limited to this judicial proceeding; and
8.     (B) the dissemination of the recording to any person that does not need access to the
9.         recording for the proceeding is prohibited.
10.
11. SO ORDERED.
12.
13. Dated: _____        _____
14.                                        HONORABLE SUSAN ILLSTON
                                       United States District Court Judge