JOSEPH P. RUSSONIELLO
United States Attorney
BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division
STACEY P. GEIS (CASBN 181444)
JONATHAN SCHMIDT (CASBN 230646)
Assistant United States Attorneys
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7126 (tel)
(415) 436-7234 (fax)
Stacey.Geis@usdoj.gov
Jonathan.Schmidt@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
RICHARD A. UDELL
Senior Trial Attorney
Environmental Crimes Section
P.O. Box 23985
L'Enfant Plaza Station
Washington, DC 20004
(202) 305-0361 (tel)
(202) 514-8865 (fax)
Richard.Udell@usdoj.gov

Attorneys the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re Material Witness Warrants | Case No. 07 90552 MISC VRW (JCS)<br>CR 08-0160 SI<br><br>UNITED STATES MOTION AND [Proposed] ORDER RE: DEPOSITION OF MATERIAL WITNESSES KONG XIANG HU, SHUN BIAO ZHAO, AND LIANG XIAN ZHENG |

## I. Background

Defendant John Cota is a San Francisco Bar Pilot. While sailing through the San Francisco Bay, large ships are required to have a licensed pilot. The majority of these pilots are San Francisco Bar Pilots. To maintain their pilot's license, pilots are required to take an annual physical.

Captain Cota was the pilot on the *M/V Cosco Busan* on November 7, 2007, when the ship hit a tower of the Bay Bridge causing over 50,000 gallons of bunker fuel to spill into the Bay, which led to the death of approximately 2,000 migratory birds.

An indictment filed on April 22, 2008, charged Captain Cota with failing to disclose all of his current medications on his annual physical form in 2006 and 2007, and with being negligent when he piloted the *Cosco Busan* on November 7, 2007.

The crew of the *Cosco Busan* are Chinese nationals. The ship's master and five crew members – Mao Cai Sun, Kong Xian Hu, Zong Bin Li, Hong Zhi Wang, Liang Xian Zheng, and, Shun Biao Zhao – are currently detained in the United States pursuant to Title 18 United States Code Sections 3142 and 3144 as material witnesses. The witnesses have remained in the United States since November 7, 2007. They have been formally held in the United States as material witnesses since January 3, 2008. They have never been in custody. Currently, the Master of the *Cosco Busan* and five crew members are being housed in San Francisco, and are restricted to the Northern California. Their food, lodging, and salary are being paid by the owner and operator of the *Cosco Busan*, pursuant to a surety agreement negotiated with the Coast Guard that expires on June 16, 2008.

Judge Susan Illston has designated Magistrate Judge Joseph C. Spero to handle the material witness issue. *See* 28 U.S.C. § 636 (b)(1)(A).

On March 31, 2008, Captain Sun moved for release or, in the alternative, depositions pursuant to Rule 15 of the Federal Rules of Criminal Procedure. The other material witnesses joined that motion. Neither the government nor the defendant opposed the motion with respect to the request for Rule 15 depositions.

On May 1, 2008, at a hearing on Captain Sun's motion, Judge Spero ordered that the Rule 15 depositions should proceed during the last week of May and the first week of June with regard to the three material witnesses that were not on the bridge on the day of the casualty. These three witnesses are: Chief Officer Kong Xiang Hu, Second Officer Shun Biao Zhao, and Bosun Liang Xiang Zheng. All three witnesses are represented by Jonathan Howden. At a May 19, 2008, hearing Judge Spero ordered that the Rule 15 depositions should proceed for the remaining three witness on August 11, 2008. These three witnesses are Mao Cai Sun, Zong Bin Li, and Hong Zhi Wang.

The parties have scheduled the depositions for the first three witnesses for May 29, May 30, June 2, June 3, June 4 and June 6 of 2008.

**II. Argument**

A court may order Rule 15 depositions either on a motion of the parties, or the motion of a detained material witness. Specifically Federal Rule of Procedure Rule 15(a) provides:

> (1) In General. A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.
>
> (2) Detained Material Witness. A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.

The Court's May 1, 2008, Order was based on Captain Sun's motion and pursuant to Rule 15(a)(2) –Detained Material Witnesses. The United States does not object to that Order but notes that Rule 15(a)(2) applies to witnesses who are detained. Here the witnesses are not in custody.

Accordingly, in an abundance of caution, the United States formally moves under FRCP 15 (a)(1) to depose Chief Officer Kong Xiang Hu, Second Officer Shun Biao Zhao, and Bosun Liang Xiang Zheng starting on May 29, 2008.

Rule 15(a) allows the district court broad discretion in deciding whether to order

depositions in a criminal case. *United States v. Olafson*, 213 F3d 435, 442 (9th Cir. 2000). In the Ninth Circuit, "Rule 15(a) does not require any conclusive showing of "unavailability" or "material testimony" before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial. Fed.R.Crim.P. 15(a)." *United States v. Omene,* 143 F.3d, 1167, 1170 (9th Cir. 1998) Generally, court's have found exceptional circumstances and interest of justice when a material witness "may be unable to attend trial." *United States v. Cutler*, 806 F.2d 933, 936 (9th Cir.1986); *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir.1995); *United States v. Lai Fa Chen,* 214 F.R.D. 578 (N.D. Cal 2003).

Here there are exceptional circumstances and it is in the interest of justice that these depositions proceed. As argued in the material witnesses' Motion, the material witnesses have been in the United States since November 7, 2007, and their continued detention in the United States imposes a hardship. The witnesses are separated from their home country, removed from their families, and unable to work. However, if allowed to return to China, the witnesses may be unavailable for trial, both because they will be beyond the subpoena power of the Court and because they are seamen who are on the high seas several months of the year.

These three witnesses' testimony is material and significant to determining whether Captain Cota acted negligently on November 7, 2007. Witness Zhao plotted the ship's course that morning. Witnesses Hu, Zhao, and Zheng were lookouts that day. And witness Hu was the ship's chief officer responsible for supervising the ship's bridge crew.

**III.    Conclusion**

Due to exceptional circumstances, it is in the interest of justice that testimony of witnesses Hu, Zhao and Zheng be taken and preserved for possible use at trial. Accordingly, the United States respectfully requests that the Court s order their

///

1 | depositions proceed as scheduled.

2 | Respectfully submitted,

3 | JOSEPH P. RUSSONIELLO          RONALD J. TENPAS
United States Attorney         Assistant Attorney General
4 | BRIAN J. STRETCH              Environment and Natural Resources
Chief, Criminal Division       Division
5 | United States Department of Justice

7 | By:        S/S              By:        S/S
JONATHAN SCHMIDT              RICHARD A. UDELL
8 | Assistant United States Attorney   Senior Trial Attorney
Environmental Crimes Section

10 | DATED: May 21, 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re Material Witness Warrants | Case No. 07 90552 MISC VRW (JCS)<br>CR 08-0160 SI<br><br>[Proposed] ORDER RE: DEPOSITION OF MATERIAL WITNESSES KONG XIANG HU, SHUN BIAO ZHAO, AND LIANG XIAN ZHENG |

    Mao Cai Sun, Kong Xian Hu, Zong Bin Li Hong Zhi Wang, Liang Xian Zheng, and, Shun Biao Zhao, are currently held in the United States pursuant to Title 18, United States Code, sections 3142 and 3144. On March 31, 2008, material witness Mao Cai Sun filed a written Motion asking for release or in the alternative to compel depositions pursuant to Rule 15(a)(2) of the Federal Rules of Criminal Procedure Rule. Material witnesses Kong Xiang Hu, Shun Biao Zhao, and Liang Xian Zheng joined that motion. Notice was given to the parties. The United States and Defendant John Joseph Cota (*see United States v Cota*, CR 08 160-SI) filed replies to the material witnesses' motion. A hearing was held on the

matter on May 5, 2008 and May 12, 2008.

On May 21, 2008, the United States filed a motion pursuant to FRE Rule 15(a)(1) requesting that material witnesses Kong Xiang Hu, Shun Biao Zhao, and Liang Xian Zheng be deposed arguing that due to exceptional circumstances it is in the interest of justice that these witnesses testimony be preserved.

Having considered the matter, the Court finds that there are exceptional circumstances and it is in the interest of justice that testimony of witnesses Hu, Zhao, and Zheng be taken and preserved for possible use at trial and hereby orders that pursuant to Federal Rule of Criminal Procedure Rules 15 (a)(1) and 15(a)(2) the depositions of Material Witnesses Kong Xiang Hu, Shun Biao Zhao, and Liang Xian Zheng be taken starting on May 29, 2008, until they are completed.

IT IS SO ORDERED.

Dated:_____

_____
JOSEPH C. SPERO
United States Magistrate Judge