Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Pro Hac Vice pending* (PA Bar No. 205510)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>   v.<br><br>JOHN J. COTA,<br><br>                       Defendant. | Case No.  CR 08-0160 SI<br><br>**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO SEVER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   July 18, 2008<br>Time:  11:00 a.m.<br>Judge:  Honorable Susan Illston<br><br>Speedy Trial Act; Excludable Time Through Disposition; 18 U.S.C. § 3161(h)(1)(F) |

**TO UNITED STATES ATTORNEY JOSEPH P. RUSSONIELLO:**

**PLEASE TAKE NOTICE** that at 11:00 a.m. on July 18, 2008 or as soon thereafter as counsel may be heard in the above entitled Court, Defendant JOHN J. COTA ("Captain Cota") will and hereby does move this Court for an order severing Counts One and Two of the Superseding Indictment (for violation of 18 U.S.C. Section 1001), from Count Three (Clean Water Act –

1  Negligent Discharge of a Pollutant) and Count Four (Migratory Bird Treaty Act).  The Motion is

2  brought pursuant to both Fed. R. Crim. P. Rules 8 and 14 of the Federal Rules of Criminal

3  Procedure.  Under Fed. R. Crim. P. Rule 8, Counts One and Two are improperly joined with Counts

4  Three and Four in that the respective charges are not of the same or similar character, are not based

5  on the same act or transaction, and/or are not connected with or constitute parts of a common scheme

6  or plan.  Under Fed. R. Crim. P. Rule 14, severance is proper due the risk of prejudice to Captain

7  Cota if the respective counts are jointly tried.

8          This motion is made based on this Notice of Motion and Motion, the attached Memorandum

9  of Points and Authorities and exhibits in support thereof, the complete files and records in this

10  matter, and upon such other matters as may be presented to the Court at the time of the hearing.

11                                               Respectfully submitted,

12

13

14  Dated: June 13, 2008.                        KIRKPATRICK & LOCKHART
                                                 PRESTON GATES ELLIS LLP

15

16                                               By ____/s/ Jeffrey L. Bornstein _____
                                                 Jeffrey L. Bornstein, Esq.

17                                               Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                                 Luke G. Anderson, Esq.

18                                               Christopher R. Tate, Esq., *Pro Hac Vice pending*

19                                               Attorneys for Defendant
                                                 JOHN J. COTA

20

21

22

23

24

25

26

27

28

DEFENDANT JOHN J. COTA'S NOTICE OF MOTION
AND MOTION TO SEVER – CR 08-0160 SI

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

The government in this action charges Captain Cota with two very distinct crimes: (1) with providing incomplete information during an annual State mandated pilot's physical examination, and (2) with negligently operating a vessel that resulted in the leaking of fuel oil as a result of the M/V COSCO BUSAN's accident on November 7, 2007.  In its indictment, the government does not allege any connection or causal link between these offenses.  Rather, the offenses stand as discrete allegations, far separated both in fact and in time.

Fed. R. Crim P. 8 requires severance of offenses that are, not of the same character, not based on the same "transaction," and/or not dependent on the same evidence. Fed. R. Crim. P. 14, further, requires severance where, as here, joinder will result in undue prejudice to the defendant.  The fact that the Bay Bridge accident and resulting oil spill has been publicly and repeatedly blamed on Captain Cota is extremely prejudicial especially as it relates to the false statement counts.  Even though the United States must admit that there is no linkage between these events, it is unlikely that a juror will not try to infer a connection (even with careful jury instructions).  That inference, even though it is unfounded, would be overwhelmingly prejudicial to Captain Cota's defense.  Though severance is proper under either Rule 8 or Rule 14, here it is proper under both.

## II.    STATEMENT OF FACTS.

On the morning of November 7, 2007, the cargo vessel M/V COSCO BUSAN ("COSCO BUSAN") scraped the San Francisco Bay Bridge fendering system, damaging the ship's hull and puncturing a fuel tank, thereby causing oil to spill from the vessel into the San Francisco Bay. During the incident, Captain Cota was onboard the COSCO BUSAN as an advisory pilot.  Within two hours of the incident, Captain Cota was given a drug and alcohol test – the results were negative. Exhibit A (Drug and Alcohol Test Results).

By an Information dated March 17, 2008, the United States Attorney's office initially charged Captain Cota with two misdemeanor counts: (i) negligence under the Clean Water Act and (ii) strict liability under the Migratory Bird Treaty Act.  On April 22, 2008, the Grand Jury filed a

DEFENDANT JOHN J. COTA'S NOTICE OF MOTION
AND MOTION TO SEVER – CR 08-0160 SI

1    Superseding Indictment adding two false statement counts arising out of Captain Cota's State

2    mandated medical examinations in January 2006 and January 2007.

3         Under the Clean Water Act, the government alleges that Captain Cota "negligently caused

4    more than 50,000 gallons of heavy fuel oil to be discharged from the vessel into San Francisco Bay"

5    by: "(a) failing to pilot a collision free course; (b) failing to adequately review with the Captain and

6    crew of the *M/V Cosco Busan* prior to departure the official navigational charts of the proposed

7    course, the location of the San Francisco Bay aids to navigation, and the operation of the vessel's

8    navigational equipment; (c) departing port in heavy fog and then failing to proceed at a safe speed

9    during the voyage despite limited visibility; (d) failing to use the vessel's radar while making the

10   final approach to the Bay Bridge; (e) failing to use positional fixes during the voyage; and (f) failing

11   to verify the vessel's position vis-à-vis other established and recognized aids to navigation

12   throughout the voyage." *See* Superseding Indictment, page 6, ¶ 18.  The Migratory Bird Treaty Act

13   alleges solely that Captain Cota "did take migratory birds" without being permitted to do so by

14   regulation.  *See* Superseding Indictment, page 7, ¶ 20.

15        The two false statement counts allege violations of 18 U.S.C. § 1001, making materially false

16   statements in a matter within the jurisdiction of a federal department or agency.  The false statement

17   counts allege that, on January 18, 2006 and January 19, 2007, Captain Cota "knowingly and

18   willfully made a materially false, fictitious, and fraudulent statement and representation in a matter

19   within the jurisdiction of the executive branch of the Government of the United States, specifically

20   on United States Coast Guard Form CG-719K – Merchant Mariner Physical Examination Report –

21   in that he certified that all the information he provided was complete and true to the best of his

22   knowledge, when in fact he knew that the information he provided was neither complete nor true;

23   including the information provided in Sections VI and VII of the form regarding current

24   medications, the dosage, possible side effects and medical conditions for which the medications are

25   taken." *See* Superseding Indictment**,** page 4, ¶ 14, page 5, ¶ 16.

26        Importantly, the Superseding Indictment does not allege any connection between the false

27   statement charges and the two original counts for negligence under the Clean Water Act and

28

DEFENDANT JOHN J. COTA'S NOTICE OF MOTION
AND MOTION TO SEVER – CR 08-0160 SI

violation of the Migratory Bird Treaty Act.  In fact, nowhere does the government allege any connection at all between Captain Cota's alleged false statements and the COSCO BUSAN accident itself.

### III.    LEGAL ARGUMENT.

#### A.    Pursuant To Fed. R. Crim. P. Rule 8, The Felony And Misdemeanor Counts Should Be Severed Due To Their Lack Of Commonality.

Under Rule 8 of the Federal Rules of Criminal Procedure, two offenses may be joined in an indictment only if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a); *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).  Specifically, "[t]wo crimes are connected together if the proof of one crime constitutes a substantial portion of the proof of another."    When joined offenses "are not connected and are not provable by the same evidence, joinder is improper."  *Terry*, 911 F.2d at 276 (9th Cir. 1990).  Under Rule 8, "the validity of joinder is determined solely by the allegations in the indictment" as a matter of law.  *Id*; [See also *United States v. Chavez*, 296 F.3d 450, 456 (6th Cir. 2002): "Misjoinder of offenses…raises only a question of law.  If there has been a misjoinder, the trial court has no discretion to deny the motion" for severance.]

The *Terry* case is instructive.  In *Terry*, the defendant was charged with two counts of violating federal narcotics laws and one count of violating federal firearms laws.  The drug charges arose out of an incident on June 9, 1988 in San Joaquin County, whereas the firearm charge arose nineteen days later in a different county.  In reversing the trial court's denial of defendant's motion to sever the counts, the Ninth Circuit found that the indictment failed to allege "any commonality" between the drug and firearm charges, nor did it even suggest that "the offenses are of the same or similar character or that they are part of the same transaction or parts of a common scheme."  *Id*. at 276.  The Court noted that, in every case cited by the government in favor of joinder, the firearm was discovered *at the same time and place* as the drugs.  The Court also rejected the government's argument that firearms are "integrally related to drug trafficking."  Finally, the Court found that the proof of the offenses depended on different evidence.  *Id*.

DEFENDANT JOHN J. COTA'S NOTICE OF MOTION
AND MOTION TO SEVER – CR 08-0160 SI

As in *Terry*, the Superseding Indictment here fails to establish, or even allege, any commonality between the negligence and Migratory Bird counts, on the one hand, and the felony false statement charges, on the other.  There is no allegation that the alleged false statements caused or contributed to Captain Cota's alleged negligence or, for that matter, caused or contributed to the COSCO BUSAN accident itself.[1]  Rather, the false statement offenses are pled as discrete counts, separated in time from the COSCO BUSAN accident by 10 months (for the January 2007 physical examination) and as much as 22 months (for the January 2006 physical examination).

Further, as in *Terry*, attempting to prove the misdemeanor and felony counts will require the presentation of different evidence.  For example, the government's negligence claim, as described in the Superseding Indictment, focuses on the specific on-board events of November 7, 2007, such as communication lapses among the crew and inadequate use of charts, radar, fixes and navigational aids.  The purported evidence in support of that claim will therefore center on the period of time starting on October 24, 2007, when the crew took over the COSCO BUSAN, including the events on the day of the accident and the post-accident interactions between the crew and the government.  By contrast, the evidence allegedly in support of the false statement claims will focus on (i) Captain Cota's medical examinations before Dr. Calza, the examining physician in January 2006 and January 2007, (ii) the Coast Guards' on-going efforts to clarify for mariners and physicians what needs to be disclosed during such exams and (iii) other aspects of the State and Federal oversight and licensing process.  This evidence has no bearing on the government's ability to prove up its negligence claim and vice versa.

For these reasons, the misdemeanor and felony counts of the Superseding Indictment have been improperly joined under Rule 8 and should be severed for trial.

---

[1] Although the Superseding Indictment is void of any alleged connection between the purported false statements and the COSCO BUSAN incident, it is worth noting that the results of Captain Cota's post-incident drug tests were negative for any substances, including opiates (ie. Codeine) or alcohol. See Exhibit A.

6.

**B.      Alternatively, The Felony And Misdemeanor Counts Should Be Severed Due To Prejudice To Defendant Under Fed R. Crim. P. Rule 14.**

Rule 14 of the Federal Rules of Criminal Procedure recognizes that joinder, even if proper under Rule 8, may nonetheless require severance due to prejudice to the defendant: "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election of separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Fed. R. Crim. P. 14. There is a "high risk of undue prejudice whenever…joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986).

In the present case, there is a grave risk to Captain Cota's right to receive a fair trial on the felony false statements charges if they are tried in the same proceeding as the misdemeanor negligence claim. In the negligence count, the government will seek to pin sole responsibility for the COSCO BUSAN incident on Captain Cota. He has already been vilified by the Coast Guard and in the media based on the oil spill. It has been widely reported that the spill threatened local marine life and required a costly clean-up effort. It is simply asking too much of a jury to compartmentalize these facts and images when deliberating on the false statement charges. The risk of undue influence and prejudice is too great, particularly in light of the fact that the false statement and negligence claims are not related and involve distinct acts far separated in time, as set forth above. Under these circumstances, the Court should exercise its discretion to sever these claims so as to preserve Captain Cota's fundamental right to a fair trial.

//

//

//

//

//

7.

DEFENDANT JOHN J. COTA'S NOTICE OF MOTION
AND MOTION TO SEVER – CR 08-0160 SI

IV.    **CONCLUSION**.

For the foregoing reasons, Captain Cota respectfully requests that the Court sever the felony false statement counts from the misdemeanor negligence and Migratory Bird Treaty Act claims.

Dated: June 13, 2008.                      KIRKPATRICK & LOCKHART
                                           PRESTON GATES ELLIS LLP


                                           By ___/s/ Jeffrey L. Bornstein.___
                                           Jeffrey L. Bornstein, Esq.
                                           Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                           Luke G. Anderson, Esq.
                                           Christopher R. Tate, Esq., *Pro Hac Vice pending*

                                           Attorneys for Defendant
                                           JOHN J. COTA

8.

DEFENDANT JOHN J. COTA'S NOTICE OF MOTION
AND MOTION TO SEVER – CR 08-0160 SI

First Advantage Corporation
  (Occupational Health Services)
1746 Cole Boulevard, Suite 100
Lakewood, CO 80401
Voice:(303) 238-0189
Fax:(303) 238-2009

SAN FRANCISCO BAR PILOTS SAN376
PIER 9 EAST END
SAN FRANCISCO, CA 94111

Reported Date: Nov 8, 2007

Sample Id: 3828137
Employee Id: 553683968
Chain of Custody: 1510699
Collection Date: Nov 7, 2007
Date MRO received CCF Copy 2 (F): Nov 7, 2007
Date MRO received CCF Copy 2 (H): Nov 21, 2007
Test Panel: 5 Panel Split Specimen (AmphCocOpiPcpThc)
Collection Site: GLOBAL DRUG & ALC SCREENING (53731)
Laboratory: QUEST DIAGNOSTICS

Client Id: 66387
Employee Name: JOHN J COTA
Test Reason: Post Accident
Regulation: USCG

| Drug Name | Result |
| --- | --- |
| Amphetamines | Negative |
| Cocaine | Negative |
| Opiates | Negative |
| Phencyclidine | Negative |
| Marijuana | Negative |

Discrepancies:

Verify Date: Nov 8, 2007

I have reviewed the laboratory results for the specimen identified by this form in accordance
  with applicable requirements. My Determination/Verification is:

Negative

John Womack, M.D.
Medical Review Officer

Print By: franblack@sfbarpilots.com  Print Date: Feb 28, 2008

Top

KLG_329

# U.S. Department of Transportation (DOT)
## Alcohol Testing Form

(The instructions for completing this form are on the back of page 5)

**STEP 1: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

A. Employee Name (PRINT) (First, M.I., Last)

B. SSN or Employee I.D. No.

C. Employer Name, Street, City, ST ZIP

DER Name and Telephone No.

D. Reason For Test: □ Random □ Reasonable Suspicion/Cause □ Post Accident □ Return to Duty □ Follow-up □ Pre-Employment

**STEP 2: TO BE COMPLETED BY EMPLOYEE**

Signature of Employee          Date  11 7 07

**STEP 3: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

CONFIRMATION TEST

Remarks:

449 15th Street
Oakland, CA (510)
Signature of Alcohol Technician          Date 11 07

**STEP 4: TO BE COMPLETED BY EMPLOYEE IF TEST RESULT IS 0.02 OR HIGHER**

Signature of Employee          Date

---

ALCOTEST 7410 PLUS
SERIAL NUMBER: APTA-G355

ALCOTEST 7410 PRINTER
SERIAL NUMBER: ARXE-0947

DATE:            11,97,2007

SEQUENTIAL TEST #: 00602

AIR BLANK        0.000 10:29

BREATHTEST       0.000 10:29

ACCURACY
UNITS:      %DHC   TIME

BAT SIGNATURE: