JOSEPH P. RUSSONIELLO
United States Attorney
BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division
STACEY P. GEIS (CASBN 181444)
JONATHAN SCHMIDT (CABSN 230646)
Assistant United States Attorneys
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-6776 (tel)
(415) 436-7234 (fax)
Stacey.Geis@usdoj.gov
Jonathan.Schmidt@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
RICHARD A. UDELL
Senior Trial Attorney
Environmental Crimes Section
P.O. Box 23985
L'Enfant Plaza Station
Washington, DC 20004
(202) 305-0361 (tel)
(202) 514-8865 (fax)
Richard.Udell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN JOSEPH COTA, ) <br> ) <br> Defendant. ) <br> _____ ) | CR 08-0160 SI <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT COTA'S MOTION TO SEVER <br><br> Hearing Date:  July 18, 2008 <br> Time:  11:00 a.m. |

The United States, by and through the undersigned attorneys, hereby files this

opposition to defendant Cota's Motion to Sever the Clean Water Act and Migratory Bird

GOVT OPPOSITION TO MOTION
TO SEVER (CR 08-160 SI)

1  Treaty Act counts of the Superseding Indictment from the False Statement counts also
2  alleged in the Superseding Indictment. For the reasons set forth below, the government
3  respectfully submits that Cota's motion should be denied.

### I.    Factual Background

On March 17, 2008, the government charged Cota with violating the Clean Water Act and the Migratory Bird Treaty Act stemming from Cota's negligent operation and navigation of the *M/V Cosco Busan*, which, on November 7, 2007, allided with the San Francisco Bay Bridge, causing the release of approximately 50,000 gallons of bunker fuel oil and the death of approximately 2,000 migratory birds, among other things.  On April 22, 2008, the government superseded and charged Cota by indictment with the above charges, but also included two counts for the making of false statements, in violation of Title 18 U.S.C. § 1001.  The false statement charges stemmed from Cota's willful failure to disclose, during a required, annual physical examination, both current medications and the dosage, possible side effects and medical conditions for which the medications were taken.[1]  Cota was required to have an annual physical in order to maintain his Pilot license and had to be certified as competent in order to be licensed.  Cota seeks to sever the false statement counts arguing that there is no connection between the false statement charges and the other two counts, and that, even if there is, Cota will be unduly prejudiced by the joinder of these counts.

### II.    Legal Standard

Rule 8(a) provides for joinder of offenses against a single defendant if one of three conditions is satisfied.  The offenses charged must be (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constitut[ing] parts of a common scheme or plan."  The defense correctly states that in the

---

[1]    The government provides a more detailed factual background for both the Clean Water Act charge and the False Statement charges in its two oppositions to Cota's motion to dismiss the Clean Water Act and Cota's separate motion to dismiss the False Statement counts, filed herewith.

GOVT OPPOSITION TO MOTION
TO SEVER (CR 08-160 SI)                    2

1  Ninth Circuit, the validity of a joinder is determined solely by the allegations in the
2  indictment. *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). Rule 8 has been
3  "broadly construed in favor of initial joinder...." *United States v. Friedman*, 445 F.2d
4  1076, 1082 (9th Cir. 1971); *see also United States v. Armstrong*, 621 F.2d 951, 954 (9th
5  Cir. 1980).

6  Rule 14 permits the district court to "order separate trials of counts" at its
7  discretion "[i]f the joinder of offenses...in an indictment...appears to prejudice a
8  defendant. Fed.R.Crim.P. 14(a). *United States v. Smith*, 795 F.2d 841, 850 (9th Cir.
9  1986), *cert. denied*, 481 U.S. 1032 (1987). The Ninth Circuit has held the standard for
10 finding prejudice under Rule 14 is "manifest prejudice." *See United States v. Lewis*, 787
11 F.2d 1318, 1321 (9th Cir. 1986)("[t]he defendant has the burden of proving that the joint
12 trial was manifestly prejudicial," such that "defendant's right to a fair trial was
13 abridged.")

### III. Argument

Part of defendant's negligence was that he was not fit for duty. As set forth in the government's opposition to defendant's motion to dismiss the false statement counts, the evidence at trial will show that at the time of the crash, Cota was purchasing numerous potent medications with various individual and potentially cumulative side effects. He also had various medical conditions that could have adversely impacted his competence and fitness for duty.

The false statement counts allege that Cota made false statements that allowed him to maintain both his California and federal pilot's licenses. Cota falsely declared and failed to disclose numerous medications he was taking, including serious pain medications, and failed to disclose certain medical conditions from which he was suffering. Had he fully disclosed this information, the physician would either have found him unfit for duty and/or sought additional review to determine Cota's fitness. His failure to disclose this information allowed him to maintain his license, and continue to take the medications without proper supervision.

GOVT OPPOSITION TO MOTION
TO SEVER (CR 08-160 SI)        3

1  The medical tests performed the day of the incident were not comprehensive and
2  do not show what prescription drugs Cota may have been taking or not taking on the day
3  of the crash. The 5-screen panel urine test only tested for illicit drugs (e.g., marijuana,
4  cocaine, opiates, phencyclidine (PCP) and amphetamines). See 46 C.F.R. § 16.113.
5  While the results showed that he did not have any illicit drugs in his system, the results do
6  not show whether he had prescription drugs in his system. However, the evidence does
7  show that on November 7, 2007, after having lied to the Coast Guard in order to obtain
8  and maintain his license, despite massive prescription drug use and serious medical
9  conditions, he exercised exceptionally bad judgement and a loss of situational awareness.
10 He departed in dense fog when other commercial ships chose not to do so. He was
11 speeding and failed to slow even when it became evident that he was confused and
12 disoriented.
13  His decision to pilot vessels while suffering various medical conditions and taking
14 numerous medications and while lying to the Coast Guard about his current medications
15 and medical conditions, is itself a part of defendant's negligence. He was not fit for duty.
16 Hence, there is a connection between the two sets of charges which can be readily
17 inferred from the indictment itself. See United States v. Whitworth, 856 F.2d 1268, 1277
18 (9th Cir. 1988)(finding joinder proper in case involving joined counts of espionage and tax
19 evasion, because the charges were part of a common scheme or plan even though they
20 occurred at different times because the "tax evasion flow[ed] directly from" the espionage
21 activity and the tax evasion "result[ed] in large part from the necessity of concealing the
22 illegal proceeds of that activity).
23  Also, while a review of joinder does require a review of the language of the
24 indictment, the Ninth Circuit has acknowledged that it has at times also examined matter
25 outside the indictment in rendering a decision regarding proper joinder. See United States
26 v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995)(finding joinder proper based not only on the
27 language found in the indictment, but because testimonial and physical evidence was also
28 common to both counts); see also United States v. Fiorillo, 186 F.3d 1136, 1145 (9th Cir.

GOVT OPPOSITION TO MOTION
TO SEVER (CR 08-160 SI)                4

1999)(per curiam)(in finding proper joinder, the Court noted that "at least three witnesses testified at the trial concerning both" counts). Here, there will also be some overlap of evidence relating to both counts. The government anticipates calling various Coast Guard witnesses to testify about Cota's licensing and training as well as experts regarding the side effects of the medications he was taking. This evidence is relevant to show both his negligence and the materiality of his false statements. The government will also show that Cota took Provigil the day of the incident, despite being warned by the physician who conducted his annual exam that he should not take Provigil within 24 hours of sailing. Again, this evidence is relevant to the false statement as well as to the Clean Water Act counts.

The two sets of charges are also properly joined because they arose out of the same series of acts or transactions. In interpreting Rule 8, the Ninth Circuit has said

> 'Transaction' is a work of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connections as upon their logical relationship.

*Friedman*, 445 F.2d at 1083. Here, we have a logical relationship between the two sets of charges that is implicit in the Superseding Indictment. Cota's motion relies heavily on *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990), to show that joinder in this case is improper. *Terry* is distinguishable. In *Terry*, the defendant was charged with two completely separate crimes – a drug crime that occurred in one county, and a possession of firearm charge that occurred at a different time in a different county. The Court found there was no effort made in the indictment to suggest that the offenses are the same or similar character, part of the same transaction, or part of a common scheme. The *Terry* court also relied heavily on the fact that there was no overlap whatsoever of the evidence necessary to prove the two different charges. 911 F.2d at 276. Here, there is some connection between the two charges and an overlap in the evidence, something entirely missing in the in the *Terry* case.

There will also be no undue, manifest prejudice to Cota by joining the two sets of

GOVT OPPOSITION TO MOTION
TO SEVER (CR 08-160 SI)              5

1  offenses. First, any prejudice that exists due to the joinder of these offenses stems from
2  Cota's own actions. His decision to pilot vessels while suffering various medical
3  conditions and taking numerous medications and while lying to the Coast Guard about his
4  current medications and medical conditions to keep his license, is a decision he himself
5  made. The Superseding Indictment is simply a recitation of the charges that stemmed
6  from these choices. Second, this is not a case where one set of counts is stronger than the
7  other, thereby creating undue prejudice due to the weaker counts. *Lucero v. Kerby*, 133
8  F.3d 1299, 1315 (10th Cir. 1998)("Courts have recognized that the joinder of offenses in a
9  single trial may be prejudicial when there is a great disparity in the amount of evidence
10 underlying the joined offenses"). Here, the evidence for both sets of counts is strong.
11 The government has solid evidence to prove both the negligence and the false statements.
12 Third, as noted, there will already be some overlap of evidence to prove both charges.
13 Thus, there is not a great risk that joinder will allow evidence in as to one of the crimes
14 that would otherwise be inadmissible. And, even if certain evidence was offered for one
15 charge that would not be offered for the other, the jury will be able to "compartmentalize
16 the evidence" and the Court can provide precautionary jury instructions to ensure that
17 such compartmentalization occurs. *See Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir.
18 1998)("[P]rejudice generally does not arise from joinder when the evidence of each crime
19 is simple and distinct, even in the absence of cross-admissiblity [of the evidence]").
20 ///
21
22 ///
23
24 ///
25
26 ///
27
28 ///

GOVT OPPOSITION TO MOTION
TO SEVER (CR 08-160 SI)                6

### III. Conclusion

For the reasons set forth herein, the government respectfully suggests that the defendant's motion to sever should be denied.

| | |
|---|---|
| JOSEPH P. RUSSONIELLO<br>United States Attorney<br>BRIAN J. STRETCH<br>Chief, Criminal Division | RONALD J. TENPAS<br>Assistant Attorney General<br>Environment and Natural Resources Division<br>United States Department of Justice |
| By:_____S/S_____<br>STACEY GEIS<br>JONATHAN SCHMIDT<br>Assistant United States Attorneys | By:_____S/S_____<br>RICHARD A. UDELL<br>Senior Trial Attorney<br>Environmental Crimes Section |

DATED: July 3, 2008