Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
K&L Gates LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile:  (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 778-9000
Facsimile:   (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN J. COTA,<br><br>            Defendant. | Case No.  CR 08-0160 SI<br><br>**MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS**<br><br>Hearing Date:  To be Determined<br>Time:  11:00 am<br>Speedy Trial Act: Excludable Time Through Disposition, 18 U.S.C. 3161(h)(1)(F) |

## Motion To Vacate Or Continue Rule 15 Depositions

Defendant John J. Cota ("Captain Cota") hereby moves this Court for an Order vacating the depositions of the Cosco Busan Officers and crewmembers, currently scheduled to begin during the week of July 21, 2008, and renews his request that the Court order the witnesses to appear and testify at trial. Alternatively, Captain Cota requests that the depositions be continued to September 2008. This motion is based on the fact the government has just recently produced massive amounts of new discovery that dramatically changes the nature and scope of the depositions. One hard drive alone, produced on June 20 in an encrypted form and with no index

1  that is just now being decoded, contains thousands of documents. On July 3 the government
2  produced additional new discovery including materials in its possession since early June, that
3  appears to show that key witnesses prepared false documents – including documents the
4  government claims Captain Cota was negligent for not relying on while he was on the vessel –and
5  otherwise lied about key events. Some of the materials – including computer records – are
6  voluminous and we have not yet been able to access and review them adequately.
7       For this reason, it is requested that the Rule 15 depositions currently scheduled to begin
8  on July 21, 2008 should be vacated and the witnesses ordered to appear and testify at trial or,
9  alternatively, that the depositions be continued to September 2008.

Respectfully submitted,

K&L GATES LLP

Dated:   July 9, 2008         By:   /s/ Jeffrey L. Bornstein
                                    Jeffrey L. Bornstein, Esq.
                                    Luke G. Anderson, Esq.
                                    Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                    Christopher R. Tate, Esq., *Admitted Pro Hac Vice*

                                    Attorneys for Defendant
                                    JOHN J. COTA

2

MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS
CR 08-0160 SI

**Memorandum of Points and Authorities**

I.  **Statement of Facts.**

On May 22, 2008, pursuant to Rule 15, Magistrate Judge Spero ordered that the depositions of the three crew members who were not on the bridge on the morning of November 7, 2007 be taken beginning on July 21, 2008. The rest of the crew is scheduled to be deposed beginning on August 11, 2008.

On July 3, 2008, the government produced "new" discovery obtained from the Captain and crew of the Cosco Busan indicating that:

1. The Captain and the key bridge staff were not trained in the operation of the Electronic Chart and other aspects of the bridge equipment. Further there were various procedural manuals given to them that they did not have time to review. The manuals were in English.

2. The Captain now admits he did not know how to interpret the symbols on the Electronic Chart.

3. Some of the crew created false after-the-fact documents.

4. The government indicated that it had obtained computer information verifying the new information it had learned from the Captain and crew about the falsified documents. While copies of the computer images were provided in late June, they have yet to be analyzed because they are encrypted and voluminous.

II.  **Argument.**

Given the new discovery and the likelihood of additional discovery as the government's case continues to evolve, it is impossible for Captain Cota to meaningfully confront these witnesses at this time. Therefore, we request that the Court re-examine the propriety of requiring Rule 15 depositions in the first instance and instead order the witnesses to appear at trial. Alternatively, we request that the depositions be rescheduled to begin in early September 2008 with the express understanding that the government be required to produce remaining discovery

1 sufficiently in advance of that date to allow for meaningful confrontation and cross-examination
2 of these witnesses.

                              Respectfully submitted,

                              K&L GATES LLP

Dated:  July 9, 2008                By:  /s/ Jeffrey L. Bornstein
                                                  Jeffrey L. Bornstein, Esq.
                                                  Luke G. Anderson, Esq.
                                                  Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                                  Christopher R. Tate, Esq., *Admitted Pro Hac Vice*

                                                  Attorneys for Defendant
                                                  JOHN J. COTA

MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS
CR 08-0160 SI

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On July 9, 2008, I served the document(s) described as:

MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS

on the parties to this action named on the attached service list by the method described below.

   (BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

   (BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

   (BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

**X**   (BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

   (BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

Executed on July 9, 2008 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

                                                ___/s/ Mae A. Chu_____
                                                Mae A. Chu

**SERVICE LIST**

| | |
|---|---|
| **Stacey Geis, Esq.**<br>**Jonathan Schmidt, Esq.**<br>Assistant United States Attorneys<br>U.S. Attorney's Office<br>450 Golden Gate, 11th Floor<br>San Francisco, CA 94102<br><br>Fax: (415) 436-7234 | **Richard Udell**<br>US Department of Justice, Environment Crimes Section<br>PO Box 23985<br>Washington DC 20026<br><br><br>Fax: (202) 305-0396 |
| **Jonathan R. Howden, Esq.**<br>Thelen Reid Brown Raysman & Steiner LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br><br>Fax: (415) 369-8683 | **Brian H. Getz, Esq.**<br>**Douglas Schwartz, Esq.**<br>Law Offices of Brian H. Getz<br>San Francisco Office<br>44 Montgomery Street, Suite 3850<br>San Francisco, California 94104<br><br>Fax: (415) 438-2655 |

MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS
CR 08-0160 SI