Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
K&L Gates LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR 08-0160 SI |
| Plaintiff, | |
| v. | **EX PARTE MOTION FOR AN ORDER (1) VACATING CURRENT DEPOSITION DATES AND THEN (2) EITHER REFERRING MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS TO MAGISTRATE JUDGE SPERO OR, ALTERNATIVELY, SHORTENING TIME ON MOTION** |
| JOHN J. COTA, | |
| Defendant. | |

       Pursuant to Fed. R. Crim. P. 47 and Criminal Local Rule 47-3, Defendant John J. Cota ("Captain Cota") hereby moves this Court on an Ex Parte basis for an Order which first vacates the current deposition dates (starting July 21, 2008) for the Cosco Busan crew members and then either (i) refers to Magistrate Judge Spero Captain Cota's motion to vacate the crew member depositions altogether and have the witnesses produced at trial or, in the alternative, to continue the depositions (the "Motion to Vacate or Continue Depositions"), or (ii) shortens time for this Court to hear that motion.  As set forth below, there is not sufficient time to file a regularly

1.

noticed motion.  Moreover, the government has confirmed it has no objection to this matter being heard on shortened notice and it agrees that the depositions should be continued.

**I.**      **Statement of Facts.**

On May 22, 2008, pursuant to Rule 15, Magistrate Judge Spero ordered that the depositions of the three crew members who were not on the bridge on the morning of November 7, 2007 be taken beginning on July 21, 2008.  The rest of the crew is scheduled to be deposed beginning on August 11, 2008.

On June 20, 2008, the government delivered to defense counsel's office a hard drive allegedly containing mirrored images of no less than nine computer drives taken from the Cosco Busan.  This hard drive contained millions of bytes of information that was encrypted, and contained no index or directory of its content.  It has taken defense counsel weeks to have it decrypted and placed into a format that permits it to be reviewed. We have just learned that it contains thousands of pages of information potentially relevant to Captain Cota's defense, and may contain information accessible only through proprietary software, that the government has not provided.

Though the parties have been working cooperatively on discovery, some discovery has just recently been provided and some still needs to be provided.  Among other things, a key Electronic Chart system used on the Cosco Busan and at the heart of this case exists. While defense counsel has been permitted to view it in the presence of the government,  it has been determined that  it is essential that we be provided with a copy of this data and the software necessary to operate it.  The software is owned by Sperry, and thus far we have been unable to obtain such a copy.  According to the government only one person in the country is available to operate it.  This program was supposed to have been operated by the crew on the Cosco Busan.  It is virtually impossible to prepare an effective defense without it.  Among other things, a key question in this case will be whether the crew could and did operate this program correctly. Unless we are provided with a fully operational copy of this software it will be impossible for us to examine witnesses and test their competency with respect to it.

2.

On July 3, 2008, the government produced "new" discovery obtained from the Captain and crew of the Cosco Busan indicating that:

1.      The Captain and the key bridge staff were not trained in the operation of the Electronic Chart (referenced above) and other aspects of the bridge equipment.  Further there were various procedural manuals given to them that they did not have time to review.  The manuals were in English.

2.      The Captain now admits he did not know how to interpret the symbols on the Electronic Chart.

3.      Some of the crew created false after-the-fact documents.

4.      The government indicated that it had obtained computer information verifying the new information it had learned from the Captain and crew about the falsified documents.  While copies of the computer images were provided in late June, they have yet to be analyzed because they are encrypted and voluminous.

## II.      **Argument And Requested Relief.**

Given the new discovery and the likelihood of additional discovery as the government's case continues to evolve, it is impossible for Captain Cota to meaningfully confront these witnesses at this time.  The timing of this new discovery, however, has put Captain Cota in bind, as there is not sufficient time to file a regularly noticed motion to vacate or continue the depositions.  Accordingly, Captain Cota requests that the Court enter an Order, attached herewith, which first vacates the current deposition dates for the Cosco Busan crew members and then either (i) refers Captain Cota's Motion to Vacate or Continue Depositions to Magistrate Judge Spero, or (ii) shortens time for this Court to hear that motion.  Should the Court choose the latter option, we recommend that the matter be heard on July 18, 2008, when Captain Cota's Motions to Dismiss are to be heard, or on a date shortly thereafter.

//

3.

1    As set forth in the attached Affidavit of Jeffrey Bornstein, the government has no

2    objection to either the Ex Parte request or the underlying Motion to Vacate or Continue

3    Depositions.

4

5                                            Respectfully submitted,

6

7                                            K&L GATES LLP

8

9    Dated:  July  9, 2008              By:   /s/ Jeffrey L. Bornstein

10                                            Jeffrey L. Bornstein, Esq.
                                             Luke G. Anderson, Esq.
11                                            Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                             Christopher R. Tate, Esq., *Admitted Pro Hac Vice*
12
                                             Attorneys for Defendant
13                                            JOHN J. COTA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           4.
EX PARTE MOTION FOR AN ORDER REFERRING MOTION TO VACATE OR
CONTINUE RULE 15 DEPOSITIONS TO MAGISTRATE JUDGE SPERO OR,
ALTERNATIVELY, SHORTENING TIME ON MOTION - CR 08-0160 SI

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On July 9, 2008, I served the document(s) described as:

EX PARTE MOTION FOR AN ORDER REFERRING MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS TO MAGISTRATE JUDGE SPERO OR, ALTERNATIVELY, SHORTENING TIME ON MOTION

on the parties to this action named on the attached service list by the method described below.

(BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

(BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

(BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

X    (BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

(BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

Executed on July 9, 2008 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

___/s/ Mae A. Chu_____
Mae A. Chu

5.

EX PARTE MOTION FOR AN ORDER REFERRING MOTION TO VACATE OR CONTINUE RULE 15 DEPOSITIONS TO MAGISTRATE JUDGE SPERO OR, ALTERNATIVELY, SHORTENING TIME ON MOTION - CR 08-0160 SI

1

## SERVICE LIST

| | |
|---|---|
| **Stacey Geis, Esq.**<br>**Jonathan Schmidt, Esq.**<br>Assistant United States Attorneys<br>U.S. Attorney's Office<br>450 Golden Gate, 11th Floor<br>San Francisco, CA 94102<br><br>Fax: (415) 436-7234 | Richard Udell<br>US Department of Justice, Environment<br>Crimes Section<br>PO Box 23985<br>Washington, DC 20026<br><br><br>Fax: (202) 305-0396 |
| **Jonathan R. Howden, Esq.**<br>Thelen Reid Brown Raysman & Steiner LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br><br>Fax: (415) 369-8683 | **Brian H. Getz, Esq.**<br>**Douglas Schwartz, Esq.**<br>Law Offices of Brian H. Getz<br>44 Montgomery Street, Suite 3850<br>San Francisco, California 94104<br><br>Fax: (415) 438-2655 |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.

EX PARTE MOTION FOR AN ORDER REFERRING MOTION TO VACATE OR
CONTINUE RULE 15 DEPOSITIONS TO MAGISTRATE JUDGE SPERO OR,
ALTERNATIVELY, SHORTENING TIME ON MOTION - CR 08-0160 SI