Jonathan R. Howden (Bar No. 97022)
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
jhowden@thelen.com
Tel. 415.369.7157
Fax 415.369.8683

Attorneys for Material Witnesses
Shun Biao Zhao, Kong Xiang Hu,
Zong Bin Li, and Liang Xian Zheng
IN RE MATERIAL WITNESS



FILED
JUL 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. COTA,<br><br>Defendant. | Case No.: CR 08-0160 SI<br><br>**RESPONSE TO DEFENDANT'S MOTION TO VACATE DEPOSITION DATES** |
|---|---|

## I. INTRODUCTION

Material Witnesses Shun Biao Zhao, Kong Xiang Hu, Liang Xian Zheng and Zong Bin Li hereby respond to Defendant John Cota's Ex Parte Motion to vacate the current dates set for the Rule 15 depositions set to commence on July 21, 2008. In support of his motion, defendant cites the recent production by the government of substantial amounts of new discovery that defendant claims is relevant to the examination of these witnesses. Defendant, however, has failed to demonstrate that the new discovery implicates the effective examination of these four witnesses. Rather, defendant has only made conclusory allegations to the effect that it is impossible for him "to meaningfully confront these witnesses at this time." Defendant's Motion, P.3, LL 16-17.

Because the material witnesses have already been detained for an unreasonable period of time and because the defendant has failed to identify with particularity how his examination of these four witnesses is impaired by virtue of the government's late discovery, his motion should be denied.

## II. RELEVANT FACTS

Without restating all of the facts relating to the case, counsel notes the following:

1. The M/V Cosco Busan collided with (or "allided" with) the San Francisco Oakland Bay Bridge on November 7, 2007, more than seven months ago.

2. The Material Witnesses have remained in this district since that time despite the fact that their crewmates departed in December last year.

3. The criminal investigation began immediately following the accident.

4. The Material Witnesses have at all times cooperated with that investigation, but have always expressed their desire to satisfy their legal obligations and to leave the District as soon as possible.

5. Criminal charges have been pending against the defendant John Cota since March 17, 2008, nearly four months ago, and the Government's pre-trial discovery obligations attached at that time.

6. The false statement allegations against the defendant do not implicate the testimony of the Material Witnesses in any way.

7. The defendant's showing of relevance regarding the newly produced discovery is in four parts:

    a. The Captain and key bridge staff were not properly trained to use certain bridge equipment.

    b. The Captain did not know how to interpret certain symbols on the Electronic Chart.

    c. Some of the crew created false <u>after the fact</u> documents.

    d. Some of the data on the hard drives corroborates the creation of <u>after the fact</u> documentation. Defendant's Motion, P. 3.

///

## III. DISCUSSION

### 1. The Material Witnesses

The defendant's effort to link the newly produced discovery to the effective examination of these four material witnesses fails on several fronts. In order to fully understand the defendant's shortcoming, it is helpful to distinguish the rank and role of each of the four Material Witnesses who oppose this motion.

#### a. Shun Biao Zhao

Zhao was the Second Officer on the Cosco Busan. He was the navigation officer, but he was not on the bridge during the morning of November 7, 2007, when the allision occurred. Rather, he was stationed aft. He has never met or spoken to the defendant.

#### b. Kong Xiang Hu

Hu was the Chief Officer on the Cosco Busan. On the morning of November 7, he was not on the bridge and he did not have any navigational responsibilities. Rather, on that morning, Hu was on deck acting as a lookout. He was eating breakfast when the vessel allided with the bridge.

#### c. Lang Xian Zheng

Zheng was the Bosun on the Cosco Busan.[1] He was never an officer. He had no navigational or bridge duties or responsibilities. On the morning of November 7, 2007, Zheng was stationed at the forward area of the bow and was acting as a lookout. His sole role in this case is that he was the first person on the Cosco Busan to see the bridge through the fog and called out a warning to the bridge crew over his hand-held radio.

#### d. Zong Bin Li

Li was an Able Bodied Seaman (AB1) on the Cosco Busan. He was never an officer and had no navigational responsibilities. He is the only one of these four material witnesses who was on the bridge on the morning of November 7, 2007. He was the acting helmsman that morning. His sole function was to repeat and then execute the orders given to him by the pilot or the captain. He carried out his duties to the letter. In addition, everything that he did and said that morning was

---

[1] Zheng has secured a new job in China but he will lose the offer if he does not return home by the beginning of August, 2008.

1  captured by the Voyage Data Recorder (VDR) a copy of which is in the possession of the
2  government.

        2.    The "Relevance" of the New Discovery

4       Defendant Cota's first two claims relate to the alleged inability of key officers to make
5  proper use of certain electronic equipment on the bridge. However, three of the four material
6  witnesses herein were not on the bridge during the morning of November 7. The fourth, Li, was
7  not an officer and had no navigational responsibilities. Accordingly, the allegation that certain
8  "key officers" were not properly trained or lacked the requisite skill to utilize the electronic
9  equipment is simply irrelevant to these witnesses' testimony.

10      Defendant Cota's third and fourth claims relate to allegations that certain crew members
11 created false documentation <u>after</u> the allision. To begin with, he fails to explain how this after-the
12 -fact activity by certain crew members is relevant to defend against the charged Clean Water Act
13 or Migratory Bird violations. (They certainly have no relevance to the False Statement charges.)
14 Further, he does not distinguish between those witnesses who may be responsible for the creation
15 of false documents from those who are not implicated. Certainly for these latter witnesses, these
16 new revelations are entirely irrelevant and can provide no basis for delaying the Rule 15
17 depositions. Absent some meaningful showing in this regard, there remains no principled reason
18 to delay the depositions and further detain these material witnesses.

19      The government is entitled to seek the detention of material witnesses, but only for "a
20 reasonable period of time until the deposition of the witness can be taken pursuant to [Rule 15 of]
21 the Federal Rules of Criminal Procedure." 18 U.S.C. §3144. That reasonable period of time has
22 already been taxed to its constitutional limits. These material witnesses already have agreed to a
23 two month extension of time to have their depositions taken. Any further delay is unconscionable.
24 The Court should not permit it.

25 **IV.  CONCLUSION**

26      The Rule 15 depositions of these four witnesses can and should be commenced on July 21,
27 2008. Any delay beyond that date is unfounded and unreasonable. The Material Witnesses
28 respectfully urge this Court to order that the depositions be completed by that date and that the

1  Material Witnesses may no longer be detained after that date and are no longer subject to any
2  restrictions imposed by the Court. The Material Witnesses further request that the Court direct the
3  United States Attorneys Office and the United States Marshals Service pay for the cost of their
4  travel home following the completion of their respective depositions or by August 1, 2008,
5  whichever occurs earlier.

6  Dated: July 11, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By _____
Jonathan R. Howden
Attorney for Shun Biao Zhao, Kong Xiang Hu,
Zong Bin Li and Liang Xian Zheng,
Material Witnesses

1
2

**PROOF OF SERVICE BY FACSIMILE**
Case No. CR 08-0160 SI

3    I am over the age of 18 and not a party to the within action. I am employed in the County
4 of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My
5 business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

6    On July 11, 2008, the within document entitled:

7
8

**RESPONSE TO DEFENDANT'S MOTION TO VACATE DEPOSITION DATES**

9 was served by transmitting true and correct copies thereof via facsimile to the following:

10  Jeffrey L. Bornstein                         Barry M. Hartman
    Luke G. Anderson                             Christopher R. Tate
11  K&L Gates LLP                                K&L Gates LLP
    55 Second Street, 17th Floor                 1601 K Street, NW
12  San Francisco, CA 94105                      Washington, DC 20006
    Facsimile No.: (415) 882-8220                Facsimile No.: (202) 778-9100
13
    Stacey Gels                                  Richard Udell
14  Jonathan Schmidt                             U.S. Department of Justice
    Assistant United States Attorneys            Environment Crimes Section
15  U.S. Attorney's Office                       P.O. Box 23985
    450 Golden Gate Avenue, 11th Floor           Washington, DC 20026
16  San Francisco, CA 94102                      Facsimile No.: (202) 305-0396
    Facsimile No.: (415) 436-7234
17
    Brian H. Getz
18  Douglas Schwartz
    Law Offices of Brian H. Getz
19  44 Montgomery Street, Suite 3850
    San Francisco, CA 94104
20  Facsimile No.: (415) 438-2655

21

22    I am readily familiar with the practices of Thelen Reid Brown Raysman & Steiner LLP for
23 sending documents via facsimile. On the above stated date, the above listed document was
24 transmitted via facsimile and said transmission was reported complete and without error. A copy
25 of the transmission report showing the date and time of transmission that was properly issued by
26 the transmitting facsimile machine is attached hereto, and incorporated herein by reference.
27 ///
28 ///

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.
3   Executed on July 11, 2008 at San Francisco, California.

   _____
   Kathleen A. Sovyak