IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN J. COTA,<br><br>    Defendant.<br>_____ / | No. C 08-00160 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEVER AND DENYING DEFENDANT'S MOTIONS TO DISMISS** |

Defendant John J. Cota moves to sever the first two counts of his indictment from the latter two counts and moves to dismiss the false statement and Clean Water Act counts. Argument on the matter was heard on July 18, 2008. Having considered the arguments of the parties and the papers submitted, the Court hereby GRANTS defendant's motion to sever and DENIES defendant's motions to dismiss.

**BACKGROUND**

On April 22, 2008, a grand jury returned a superseding indictment charging defendant with two counts of making a false statement in violation of 18 U.S.C. § 1001(a)(2), one count of discharging oil into the navigable waters of the United States in violation of 33 U.S.C. § 1319(c)(1)(A), and one count of taking migratory birds in violation of 16 U.S.C. §§ 703 & 707(a). The first two counts of the indictment allege that defendant made false statements on January 18, 2006, and January 19, 2007, on Coast Guard Form 719K by failing to provide information regarding current medications. The indictment alleges that defendant held both federal and state licenses to pilot ships, and that on November 7, 2007, while defendant was piloting the *Cosco Busan*, the vessel struck a tower of the Bay Bridge, resulting in the discharge of over 50,000 gallons of heavy fuel oil. The *Cosco Busan* is a 901

foot, 65,131 gross ton container ship sailing out of Hong Kong, China. The indictment alleges that defendant negligently caused the discharge of heavy fuel oil by failing to take actions that would have avoided the allision with the bridge. Defendant now moves to sever the false statement counts from the other counts, dismiss the Clean Water Act count, and dismiss the false statement counts.

## DISCUSSION

### I.  Defendant's motion to sever

Defendant moves to sever the first two counts – for making false statements to the government – from the second two counts – for violations of the Clean Water Act ("CWA") and the Migratory Bird Treaty Act. Two offenses may be joined in an indictment only if one of three conditions is satisfied: the counts are (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). With respect to the second condition, "[t]he term 'transaction' is to be interpreted flexibly and may comprehend a series of related occurrences." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) (internal quotation marks omitted). The parties agree that "the validity of the joinder is determined solely by the allegations in the indictment" and that, in determining whether joinder is proper, courts look to whether the offenses are provable by the same evidence. *Id.*

The Court finds that joinder is not proper under Rule 8 because, as described in the indictment, the alleged false statements are not of similar character or based on the same act or transaction as defendant's alleged negligence. Neither is there any allegation in the indictment that the alleged false statements and negligent acts are part of a common scheme or plan. The Court therefore GRANTS defendant's motion to sever Counts One and Two from Counts Three and Four.

### II.  Defendant's motion to dismiss the Clean Water Act count

Defendant moves to dismiss Count Three of the indictment on grounds that the CWA, as applied to defendant, violates the Due Process Clause of the Fifth Amendment. Count Three charges defendant with violating the criminal provisions of the CWA, which criminalize the negligent "discharge of oil or hazardous substances . . . into or upon the navigable waters of the United States." 33 U.S.C. §§

2

1319(c)(1)(A) & 1321(b)(3). Anyone violating this provision of the CWA is subject to a fine of between $2,500 and $25,000 per day of violation and/or imprisonment for up to one year. 33 U.S.C. § 1319(c)(1). The parties do not dispute that the required amount of oil was discharged or that oil was discharged into the navigable waters of the United States.

Defendant argues that three requirements must be met before a court may permit a defendant to face criminal liability under a public welfare statute without a finding of *mens rea*. First, he argues that a defendant must have notice that the activity may be subject to criminal liability, which notice is provided by the inherent dangerousness of the conduct. Second, he argues that the criminal penalties must be minor. And third, he argues that the intent of Congress to eliminate the *mens rea* requirement must be clear. Defendant contends that his due process rights could be violated if these criteria are not satisfied. The government does not dispute these requirements, and it appears the Supreme Court has required all three in the past. *See Staples v. United States*, 511 U.S. 600, 607 (1994) (noting that the Supreme Court "has reasoned that as long as a defendant knows that he is dealing with a dangerous device of a character that places him in responsible relation to a public danger, he should be alerted to the probability of strict regulation") (internal quotation marks and citations omitted); *id.* at 616-17 (discussing inconsistency of harsh penalties with public welfare statutes); *id.* at 606 ("[S]ome indication of congressional intent, express or implied, is required to dispense with *mens rea* as an element of a crime").

The Court finds that the CWA properly creates a public welfare offense, *see United States v. Hanousek*, 176 F.3d 1116 (9th Cir. 1999), and that defendant should have been aware of the "potentially harmful or injurious item[]" under his control, *Staples*, 511 U.S. at 607. The Court also finds that the penalties of between $2,500 and $25,000 per day of violation and up to one year of imprisonment, 33 U.S.C. § 1319(c)(1), are not so severe as to create a due process problem, *see Hanousek*, 176 F.3d at 1122 n.4; *United States v. Weitzenhoff*, 35 F.3d 1275, 1286 n.7 (9th Cir. 1993) (en banc). Finally, the Ninth Circuit has held that "Congress intended that a person who acts with ordinary negligence in violating 33 U.S.C. § 1321(b)(3) may be subject to criminal penalties," *Hanousek*, 176 F.3d at 1121, and nothing in *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007), overrules the Ninth Circuit's reasoning.

3

### III.  Defendant's motion to dismiss the false statement counts

Defendant moves to dismiss the first two counts of the indictment, both of which charge him with making false statements in violation of 18 U.S.C. § 1001(a)(2). That statute makes it a crime to "knowingly and willfully . . . make[] any materially false, fictitious, or fraudulent statement or representation." 18 U.S.C. § 1001(a)(2). The false statement must be made in a "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." *Id.* § 1001. "A conviction under § 1001 requires the government to prove (1) a statement, (2) falsity, (3) materiality, (4) knowledge, and (5) jurisdiction." *United States v. Atalig*, 502 F.3d 1063, 1066 (9th Cir. 2007). Defendant argues these counts should be dismissed because any alleged false statements were not made within the jurisdiction of the federal government and were not material. Defendant also argues that the form on which he is alleged to have made his false statements was ambiguous.

The Supreme Court has explained that "the term 'jurisdiction' should not be given a narrow or technical meaning for purposes of § 1001." *Bryson v. United States*, 396 U.S. 64, 70-71 (1969). While "[m]ere access to information is not enough," *United States v. Facchini*, 874 F.2d 638, 642 (9th Cir. 1989), access to information is sufficient for jurisdictional purposes if the information is "directly related to an authorized function of the federal agency," *id.*, meaning that "[a] statutory basis for an agency's request for information provides jurisdiction enough to punish fraudulent statements under § 1001," *Bryson*, 396 U.S. at 71. Thus, if a federal agency has a statutory basis for accessing information, jurisdiction under § 1001 may be established, even if the agency does not access the information at issue. *United States v. Rutgard*, 116 F.3d 1270, 1287 (9th Cir. 1997); *United States v. Hooper*, 596 F.2d 219, 223 (7th Cir. 1979); *see also United States v. Gibson*, 881 F.2d 318, 322 (6th Cir. 1989). The Court finds that despite the involvement of the state in regulating pilots in San Francisco Bay, it is undisputed that defendant held a federal pilot's license, that defendant was required by federal law to undergo an annual physical examination, and that the Coast Guard had the statutory authority to request the completed examination forms. *See* 46 U.S.C. § 7101(e); 46 C.F.R. §§ 10.709(c), (d) & (e); 46 C.F.R. § 10.205(d)(1). The Court therefore finds that the false statement charges should not be dismissed on

4

jurisdictional grounds.[1]

Defendant argues that the alleged false statements were not material because they could not have influenced or affected the government's actions. As the government correctly argues, materiality is a question for the jury. *Gaudin*, 515 U.S. at 511; *United States v. Valdez*, 594 F.2d 725, 729 (9th Cir. 1979). Defendant also argues that his due process rights require dismissal of the false statement counts because the questions eliciting defendant's false statements were fundamentally ambiguous. *See United States v. Manapat*, 928 F.2d 1097, 1099-1100 (11th Cir. 1991); *see also Bronston v. United States*, 409 U.S. 352, 262 (1973) ("Precise questioning is imperative as a predicate for the offense of perjury."). The Court holds that while a jury might well consider defendant's contentions in determining whether false statements were made, the questions leading to the alleged false statements were not fundamentally ambiguous as a matter of law. The Court DENIES defendant's motion to dismiss the false statement counts.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to sever [Docket No. 47], DENIES defendant's motion to dismiss Count Three [Docket No. 46], and DENIES defendant's motion to dismiss Counts One and Two [Docket No. 52].

**IT IS SO ORDERED.**

Dated: July 21, 2008

*Susan Illston*
SUSAN ILLSTON
United States District Judge

---

[1] It should be noted that there is no requirement that defendant must have known he was making a false statement to a federal agency. *United States v. Green*, 745 F.2d 1205, 1210-11 (9th Cir. 1984) ("No culpable mental state must be proved with respect to federal agency jurisdiction in order to establish a violation of section 1001. The trial judge did not abuse his discretion in refusing to give an instruction on jurisdictional knowledge.").