1  BRIAN H GETZ, ESQ. (CSBN 85593)
   LAW OFFICES OF BRIAN H GETZ
2  44 Montgomery Street, Suite 3850
   San Francisco, CA 94104
3  Telephone: (415) 912-5886
   Facsimile: (415) 438-2655
4
   Attorneys for Witness
5  HONG ZHI WANG

FILED
08 JUL 21 PM 2: 10
CLERK, U.S.␣␣␣␣␣␣␣␣␣␣
NORTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN J. COTA,<br><br>    Defendant. | Case No. CR 08-0160 SI-MAG (JCS)<br><br>**RENEWAL OF MOTION TO RETURN TO CHINA PENDING TRIAL TESTIMONY**<br><br>DATE: July 23, 2008<br>TIME: 3:00 p.m.<br>CTRM: A, 15th Floor |

## INTRODUCTION

Material Witness Hong Zhi Wang is schedule to be deposed pursuant to Rule 15 F.R.C.P. on or about August 11, 2008. As recent events (court filings and oral arguments) have reflected the reluctance of the parties to conduct this deposition, and as the October trial date itself now appears threatened, Wang moves this Court for an Order permitting his return to China under trial subpoena. As shall be shown below, he can and will return for trial testimony.

## A BRIEF HISTORY

The Court is familiar with the details of the case. On November 7, 2007 and November 8, 2007, Mr. Wang was interviewed by the Coast Guard following the accident. He remained on the vessel until December 14, 2007. When the Cosco Busan sailed, Mr. Wang remained in San

1  Francisco under grand jury subpoena.

2  Mr. Wang appeared before this Court on January 3, 2008. He signed an appearance bond
3  which he has honored and obeyed. Mr. Wong acknowledged receipt of the grand jury subpoena.
4  He has cooperated fully with government requests for interviews and production of evidence.

5  In a filing dated April 21, 2008, the government stated its belief that the earliest the parties
6  could be prepared to take depositions would be May 27, 2008. Simultaneously with that filing,
7  Captain Cota through counsel filed a brief stating that if depositions are ordered, May 27, 2008 is
8  fine provided that discovery is produced no later than May 7, 2008.

9  On May 12, 2008, a continued hearing was held on the subject of the Rule 15 depositions.
10 By written Order dated May 13, 2008, this Court ordered that the parties shall submit a schedule
11 for the Rule 15 depositions of the first three crew members for late May through the first week of
12 June, with the deposition of Mr. Wang to be scheduled for later in the summer. The deposition of
13 Mr. Wang was scheduled for August 11, 2008, three months later.

14 On or about July 9, 2008, Captain Cota moved to vacate the collateral depositions set to
15 begin July 21, 2008. As all interested parties agreed that those depositions would precede that of
16 Mr. Wang, the August 11, 2008 date appears in jeopardy. As set out in the government response
17 dated July 14, 2008, this Court has received a government-drawn ex parte status report underseal
18 which may expand the basis for delaying the deposition of Mr. Wang. The October trial date
19 could be vacated. These recent events augur in favor of allowing Mr. Wang to return home
20 pending his trial.

### **CONDITIONS OF RELEASE**

22 Mr. Wang has been released into the community on an unsecured $10,000 bond with
23 conditions that he appear in court when required, lead a law-abiding life, refrain from obstructing
24 justice, remain in the nine Bay Area counties, and surrender his passport. Mr. Wang has
25 complied with all conditions of release.

26 While recognizing the significance of the formal release conditions, Mr. Wang observes
27 that there are far more compelling reasons for his cooperation as a witness. He is unemployable

as a navigator if there is an outstanding arrest warrant. There is no maritime company anywhere in the world that would employ a fugitive from the American justice system. At thirty years of age, Mr. Wang has twenty-five years of employment to anticipate. He would not endanger the prime of his career by failing to obey a trial subpoena to appear.

Mr. Wang has the will and the funds to travel between San Francisco and Hong Kong. He is a sophisticated bi-lingual college graduate fully licensed in Hong Kong as a Third Mate. He relies on land line, cell phone, and e-mail communication systems and has bank accounts in China and San Francisco. A Pre-Trial Services report if ordered by this Court would reflect a strong commitment to remaining in the good graces of the American government, where Mr. Wang routinely visits on his voyages. Mr. Wang has no incentive to avoid trial testimony and every incentive to meet his obligations.

DATED: July 21, 2008

Respectfully submitted,

LAW OFFICES OF BRIAN H GETZ

BRIAN H GETZ
Attorney for Witness
HONG ZHI WANG