AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

**OFFENSE CHARGED**

Title 18 U.S.C. § 1001 (a)(2) (false statements) (two counts);
Title 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3) (Clean Water Act) (one count)(a Class A misdemeanor);
Title 16 U.S.C. §§ 703, 707(a) (Migratory Bird Treaty Act) (one count) (a Class B Misdemeanor)

☐ Petty
☐ Minor
☒ Misdemeanor
☒ Felony

PENALTY:
SEE ATTACHMENT A

**DEFENDANT - U.S**

▶ JOHN JOSEPH COTA

DISTRICT COURT NUMBER
CR 08-160 SI

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form
☐ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT        Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

**ATTACHMENT A**

**PENALTY:**

COUNTS ONE and TWO

False Statements
5 years imprisonment, 3 years supervised release, $250,000 fine, and a $100 special assessment.

COUNT THREE

Obstruction
1 year imprisonment, $1000,000 fine, 1 year supervised release and a $25 special assessment.

COUNT FOUR

Migratory Bird Treaty Act
6 months imprisonment, $15,000 fine, 1 year supervised release and a $10 special assessment.

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

JOHN JOSEPH COTA
and
FLEET MANAGEMENT LIMITED,

CR08 - 0160 SI

DEFENDANT(S).

---

## SECOND SUPERSEDING INDICTMENT

Title 18 U.S.C. § 1001 (false statements)(five counts);
Title 18 U.S.C. § 1519 (obstruction)(three counts);
Title 33 U.S.C. §§ 1319(c)(1)(A),1321(b)(3) (Clean Water Act)
(one count)(a Class A misdemeanor); Title 16 U.S.C. §§ 703, 707
(Migratory Bird Treaty Act) (one count) (a Class B Misdemeanor)

---

A true bill.

_____ Foreman

Filed in open court this __22__ day of
July, 2008.

Brenda Tolbert
Clerk
MARIA-ELENA JAMES

Bail, $

```
 1  JOSEPH P. RUSSONIELLO
    United States Attorney
 2  BRIAN J. STRETCH (CASBN 163973)
    Chief, Criminal Division
 3  STACEY P. GEIS (CASBN 181444)
    JONATHAN SCHMIDT (CASBN 230646)
 4  Assistant United States Attorneys
    450 Golden Gate Ave., 11th Floor
 5  San Francisco, CA 94102
    (415) 436-7126 (tel)
 6  (415) 436-7234 (fax)
    Stacey.Geis@usdoj.gov
 7  Jonathan. Schmidt@usdoj.gov

 8
    RONALD J. TENPAS
 9  Assistant Attorney General
    Environment and Natural Resources Division
10  United States Department of Justice
    RICHARD A. UDELL
11  Senior Trial Attorney
    Environmental Crimes Section
12  P.O. Box 23985
    L'Enfant Plaza Station
13  Washington, DC 20004
    (202) 305-0361 (tel)
14  (202) 514-8865 (fax)
    Richard.Udell@usdoj.gov
15
    Attorneys for Plaintiff
16  United States of America
```

FILED
08 JUL 22 PM 4:39

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-00160-SI |
| Plaintiff, | VIOLATIONS: |
| v. | Title 18 U.S.C. § 1001 (false statements) (five counts); |
| JOHN JOSEPH COTA, | Title 18 U.S.C. § 1519 (obstruction) (three counts); |
| and FLEET MANAGEMENT LIMITED | Title 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3) (Clean Water Act) (one count)(a Class A misdemeanor); |
| Defendants. | Title 16 U.S.C. §§ 703, 707 (Migratory Bird Treaty Act) (one count) (a Class B Misdemeanor) |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### INTRODUCTION

At all times relevant to this Indictment:

1. The Defendant, JOHN JOSEPH COTA, was a resident of Petaluma, California, and a member of the San Francisco Bar Pilots Association. He held a federal first class pilot's license issued by the United States Coast Guard, and a state pilot's license issued by the Board of Pilot Commissioners for the Bays of San Francisco, San Pablo and Suisun. COTA had been employed as a Pilot in San Francisco Bay since 1981.

2. Defendant FLEET MANAGEMENT LIMITED ("FLEET") was a ship management company headquartered in Hong Kong. FLEET managed and operated approximately 190 vessels, including the *M/V Cosco Busan.* As the operator of *M/V Cosco Busan*, defendant FLEET was responsible for selecting, training and supervising the vessel's crew. Defendant FLEET acted by and through its agents and employees, acting within the scope of their agency and employment and for the benefit of defendant FLEET, including senior bridge officers and shore-based supervisory personnel.

3. The *M/V Cosco Busan* was a 901 foot, 65,131 gross ton freight vessel registered in Hong Kong and bearing IMO number 9231743.

4. On or about October 24, 2007, defendant FLEET assumed responsibility for the first time for operating the *M/V Cosco Busan* and on that same day, installed a new crew on *M/V Cosco Busan*, most whom had not previously worked for FLEET and none of its officers had previously worked on this vessel. On October 25, 2007, the *M/V Cosco Busan* set sail for the United States from Pusan, Korea

5. The *M/V Cosco Busan* had a Bridge Procedures Manual that required detailed passage planning before every voyage. The Manual stated that "the detailed plan should embrace the whole passage, from berth-to-berth, and also include waters where a Pilot will be on board" (Section 1.3.5.1) A berth-to-berth plan encompasses the entire voyage of the vessel; a pilot-to-pilot plan covers the open ocean transit where pilots are not

2

1  required.

2      6. On November 7, 2007, the *M/V Cosco Busan,* with JOHN JOSEPH COTA as its
3  pilot, and with FLEET as its operator and employer of its master and crew, departed the
4  Port of Oakland in heavy fog and struck the Delta tower of the San Francisco Bay Bridge,
5  which resulted in the discharge of approxiamettly 50,000 gallons of heavy fuel oil and
6  caused environmental damage, including the loss of migratory birds.

## LEGAL FRAMEWORK

### Federal Requirements for Licensed Pilot's Annual Medical Exam

    7. Title 46 U.S.C. § 7101 together with 46 C.F.R. §10.709 mandates that "every person holding a license or endorsement as a first class pilot shall have a thorough physical examination each year while holding a license or endorsement." 46 C.F.R. § 10.709(b). Further, an individual with a first class license or endorsement "may not operate under authority of that license or endorsement until a physical examination has been satisfactorily completed." 46 C.F.R. §10.709(d). The exam must be given by a licensed physician or physician assistant who completes a Coast Guard physical examination form or the equivalent. 46 C.F.R.§§ 10.205(d), 10.709(d).

### The Clean Water Act and the Oil Pollution Act

    8. In the Federal Water Pollution Control Act (the "Clean Water Act"), as amended by the Oil Pollution Act, 33 U.S.C. § 1321(b)(1), Congress has declared that it is the policy of the United States that there should be no discharges of oil or hazardous substances into or upon the navigable waters of the United States or the adjoining shorelines.

    9. The Clean Water Act makes it a crime for a person to negligently discharge oil into or upon the navigable waters or contiguous zone of the United States in such quantities as may be harmful. 33 U.S.C. §§ 1319(c)(1) and 1321(b)(3).

    10. The Clean Water Act defines a "discharge" as any spilling, leaking, pumping, pouring, emitting, emptying or dumping. 33 U.S.C. § 1321(a)(2). The Clean Water Act defines "oil" as oil of any kind or in any form, including, but not limited to, petroleum,

1 | fuel oil, sludge and oil residue. 33 U.S.C. § 1321(a)(1).

2 | 11. Federal regulations promulgated under the Clean Water Act define a "harmful" quantity of oil as including any discharges of oil that cause a film or sheen upon or discoloration of the surface of the water or adjoining shorelines or cause a sludge or emulsion to be deposited beneath the surface of the water or adjoining shorelines. 40 C.F.R. § 110.3.

12. The Clean Water Act defines the "navigable waters" of the United States as the waters of the United States and the territorial seas, which are defined to be water extending three (3) miles seaward of the ordinary low tide mark. 33 U.S.C. §§ 1362(7) and 1362(8). Navigable waters also includes internal waters, which are "the waters shoreward of the territorial sea baseline." 33 C.F.R. §§ 2.24(a); 2.36. San Francisco Bay is a navigable waterway of the United States.

<u>The Migratory Bird Treaty Act</u>

13. The Migratory Bird Treaty Act ("MBTA") makes it unlawful for any person, at any time, by any means or in any manner, to take or kill any migratory bird without a permit or as otherwise provided by regulation. 16 U.S.C. §§ 703, 707(a).

14. The term "take" in the MBTA includes killing or wounding. 50 C.F.R. § 10.12.

15. The Brown Pelican (*Pelecanus occidentalis*), Marbled Murrelet, (*Brachyramphus marmoratus*), and Western Grebe, (*Aechmophorus occidentalis*), among others, are listed as migratory birds pursuant to the MBTA. 50 C.F.R. § 10.13.

## COUNT ONE

### 18 U.S.C. §1001(a)(2) (False Statements)

16. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

17. On or about January 18, 2006, in the Northern District of California, the defendant,

### JOHN JOSEPH COTA,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically on United States Coast Guard Form CG-719K – Merchant Mariner Physical Examination Report – in that he certified that all the information he provided was complete and true to the best of his knowledge, when in fact he knew that the information he provided was neither complete nor true; including the information provided in Sections VI and VII of the form regarding current medications, the dosage, possible side effects and medical conditions for which the medications were taken.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO

### 18 U.S.C. §1001(a)(2) (False Statements)

18. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

19. On or about January 19, 2007, in the Northern District of California, the defendant,

### JOHN JOSEPH COTA,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically on United States Coast Guard Form CG-719K – Merchant Mariner Physical Examination Report – in that he certified that all the information he provided was complete and true to the best of his knowledge, when in fact he knew that the information he provided was neither complete nor true; including the information provided in Sections VI and VII of the form regarding current medications, the dosage, possible side effects and medical conditions for which the medications were taken.

All in violation of Title 18, United States Code, Section 1001(a)(2).

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

COUNT THREE

33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3)

(Clean Water Act – Negligent Discharge of a Pollutant)

20. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

21. Between on or about October 24, 2007, and on or about November 7, 2007, in San Francisco Bay, within the Northern District of California, the defendants,

JOHN JOSEPH COTA, and
FLEET MANAGEMENT LIMITED,

did negligently discharge and cause the discharge of oil in such quantities as may be harmful from a vessel, the *M/V Cosco Busan*, into and upon the navigable waters of the United States. Specifically, on or about November 7, 2007, defendants John Joseph Cota (Cota) and Fleet Management Limited (Fleet), acting by and through its agents and employees, negligently caused more than 50,000 gallons of heavy fuel oil to be discharged from the vessel into San Francisco Bay by acting in a negligent manner, that included, one or more of the following:

    A. Fleet failed to adequately train the Master and crew of the *M/V Cosco Busan*, including with regard to voyage passage planning, the role of the Master and crew to a pilot, the ship's navigational procedures and the ship's navigational equipment, including the ship's electronic chart system;

    B. Fleet and Cota failed to navigate an allision free course;

    C. Fleet and Cota failed to prepare and review an adequate passage plan before departure;

    D. Fleet and Cota failed to conduct an adequate review with the Pilot, Master and crew of the *M/V Cosco Busan* before departure of the official navigational charts, the proposed course, the location of the San Francisco Bay aids to navigation, and the operation of the vessel's navigational equipment;

    E. Fleet and Cota departed in heavy fog;

    F. Fleet and Cota proceeded at an unsafe speed during the voyage despite limited visibility;

    G. Fleet and Cota failed to use the vessel's radar while making the final approach to the Bay Bridge;

    H. Fleet and Cota failed to adequately read and operate the vessel's electronic chart

1 | while making the final approach to the Bay Bridge;

2 | I. Fleet and Cota failed to adequately use the vessel's paper charts by failing to record and review positional fixes during the voyage;

3 | J. Fleet and Cota failed to verify the vessel's position in relation to other established and recognized aids to navigation throughout the voyage;

4 | K. Fleet failed to ensure that adequate lookouts were posted during the voyage; and

5 | L. Fleet failed to notify the Pilot when the vessel went off course while making the final approach to the Delta-Echo span of the Bay Bridge.

All in violation of Title 33, United States Code, Sections 1319(c)(1)(A) and 1321(b)(3), a Class A misdemeanor.

8

COUNT FOUR

16 U.S.C. §§ 703 and 707(a) (Migratory Bird Treaty Act)

22. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

23. On or about November 7, 2007, in San Francisco Bay, within the Northern District of California, the defendants,

JOHN JOSEPH COTA, and<br>FLEET MANAGEMENT LIMITED,

acting by and through its agents and employees, without being permitted to do so by regulation as required by law, did take migratory birds, including at least one Brown Pelican, (*Pelecanus occidentalis*), Marbled Murrelet, (*Brachyramphus marmoratus*) and Western Grebe, (*Aechmophorus occidentalis*).

All in violation of Title 16, United States Code, Sections 703 and 707(a), and Title 50, Code of Federal Regulations, Sections 21.11, 20.71 and 20.72, a Class B misdemeanor.

## COUNT FIVE

18 U.S.C. §1001(a)(2) (False Statements)

24. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

27. Between on or about November 7, 2007, and on or about December 7, 2007 in the Northern District of California, the defendant,

## FLEET MANAGEMENT LIMITED,

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, defendant Fleet Management Limited, acting through its agents and employees, created a berth- to-berth passage plan purporting to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s October 25, 2007, voyage from Pusan to Long Beach, when in fact, Fleet Management Limited knew that this passage plan was prepared after November 7, 2007, and that the actual passage plan prepared for the *M/V Cosco Busan*'s October 25, 2007, voyage from Pusan to Long Beach was a pilot-to-pilot passage plan that was not actually prepared until on or about November 2, 2007.

All in violation of Title 18, United States Code, Section 1001(a)(2).

10

1 | COUNT SIX

2 | 18 U.S.C. §1001(a)(2) (False Statements)

3 | 28. Paragraphs 1-15 are realleged and incorporated by reference as though fully set
4 | forth herein.

5 | 29. Between on or about November 7, 2007, and on or about December 7, 2007 in the
6 | Northern District of California, the defendant,

7 | FLEET MANAGEMENT LIMITED,

8 | knowingly and willfully made materially false, fictitious, and fraudulent statements and
9 | representations in a matter within the jurisdiction of the executive branch of the
10 | Government of the United States, specifically, defendant Fleet Management Limited,
11 | acting through its agents and employees, created a berth-to-berth passage plan purporting
12 | to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s
13 | November 6, 2007, voyage from Long Beach to Oakland when in fact, Fleet Management
14 | Limited knew that this passage plan was prepared after November 7, 2007 and that the
15 | actual passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s
16 | November 6, 2007, voyage from Long Beach to Oakland was a pilot-to-pilot passage
17 | plan.

18 | All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVEN

### 18 U.S.C. §1001(a)(2) (False Statements)

30. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

31. Between on or about November 7, 2007, and on or about December 7, 2007 in the Northern District of California, the defendant,

### FLEET MANAGEMENT LIMITED,

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, defendant Fleet Management Limited, acting through its agents and employees, created a berth-to-berth passage plan on a Fleet format purporting to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s November 7, 2007, voyage from Oakland to Pusan, when in fact, Fleet Management Limited knew that this passage plan was prepared after November 7, 2007, and that the actual passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s November 7, 2007, voyage from Oakland to Pusan was a pilot-to-pilot passage plan on a Waypoint for Windows format.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT EIGHT

### 18 U.S.C. §1519 (Obstruction)

34. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein

35. Between on or about November 7, 2007, and on or about December 7, 2007, in the Northern District of California, the defendant,

### FLEET MANAGEMENT LIMITED,

knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made false entries in a record with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the U.S. Coast Guard and Department of Homeland Security and in relation to and in contemplation of a matter, specifically, after the *M/V Cosco Busan's* allision with the San Francisco Bay bridge and the resulting discharge of approximately 50,000 gallons of oil, defendant Fleet Management Limited, acting through its agents and employees:

    A. made a false and fictitious berth-to-berth passage plan purporting to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s October 25, 2007, voyage from Pusan, Korea, to Long Beach, California;

    B. made a false passage planning appraisal checklist for the October 25, 2007, voyage, purporting to be the actual passage planning appraisal checklist prepared in advance of the voyage; and

    C. concealed and covered up the actual passage plan for this voyage that contained only pilot-to-pilot information.

All in violation of Title 18, United States Code, Section 1519.

13

## COUNT NINE

## 18 U.S.C. §1519 (Obstruction)

36. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

37. Between on or about November 7, 2007, and on or about December 7, 2007, in the Northern District of California, the defendant,

## FLEET MANAGEMENT LIMITED,

knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made false entries in a record with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of the U.S. Coast Guard and Department of Homeland Security and in relation to and in contemplation of a matter, specifically, after the *M/V Cosco Busan's* allision with the San Francisco Bay bridge and the resulting discharge of approximately 50,000 gallons of oil, defendant Fleet Management Limited, acting through its agents and employees:

   A. made a false and fictitious berth-to-berth passage plan purporting to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s November 6, 2007, voyage from Long Beach, California, to Oakland, California;

   B. made a false passage planning appraisal checklist for the November 6, 2007, voyage purporting to be the passage planning appraisal checklist prepared in advance of the voyage; and

   C. concealed and covered up the actual passage plan for this voyage that contained only pilot-to-pilot information.

All in violation of Title 18, United States Code, Section 1519.

## COUNT TEN

### 18 U.S.C. §1519 (Obstruction)

38. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein

39. Between on or about November 7, 2007, and on or about December 7, 2007, in the Northern District of California the defendant,

**FLEET MANAGEMENT LIMITED,**

knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made false entries in a record with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the U.S. Coast Guard and Department of Homeland Security and in relation to and in contemplation of a matter, specifically, after the *M/V Cosco Busan's* allision with the San Francisco Bay bridge and the resulting discharge of approximately 50,000 gallons of oil, defendant Fleet Management Limited, acting through its agents and employees:

A. made a false and fictitious berth-to-berth passage plan purporting to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s November 7, 2007, voyage from Oakland, California, to Pusan, Korea;

B. made a false passage planning appraisal checklist for the November 7, 2007, voyage purporting to be the passage planning appraisal checklist that was prepared in advance of the voyage; and

C. concealed and covered up the actual passage plan for the November 7, 2007, voyage that contained only pilot-to-pilot information.

//
//
//
//
//
//
//

All in violation of Title 18, United States Code, Section 1519.

DATED:             A TRUE BILL.

7/22/08

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: _____ )
                           AUSAs Schmidt and Geis

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

_____
RICHARD A. UDELL
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice