Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
K&L Gates LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile:  (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 778-9000
Facsimile:   (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>JOHN J. COTA,<br>     and<br>FLEET MANAGEMENT LIMITED<br><br>                              Defendant. | Case No.  CR 08-0160 SI<br><br>DEFENDANT JOHN COTA'S STATUS CONFERENCE STATEMENT<br><br>Hearing Date: August 1, 2008<br>Time: 11:00 am<br><br>Speedy Trial Act: Time Excluded by Court Order from July 18, 2008 to August 1, 2008 |

On July 19, 2008, this Court granted Captain John Cota's motion to sever and scheduled the Clean Water Act and Migratory Bird counts for trial to begin on October 6, 2008. On July 22, 2008 the government obtained a Second Superseding Indictment containing the same charges against Captain Cota and adding Fleet Management Limited ("Fleet") as a new defendant in the Clean Water Act and Migratory Bird counts and bringing additional charges against Fleet for alleged False Statements and Obstruction.

Captain Cota made his request for the October 6, 2008 trial date based on two interrelated concerns:

1. The need to have the Captain and crew from the COSCO BUSAN available as live witnesses for trial purposes. As even the government now must acknowledge, based on the charges contained in the Second Superseding Indictment charging the crews' employer, these witnesses play a central role in the cause of the accident and Captain Cota's defense. We recognize that the crew has been detained by the government since this incident. We requested the October 6, 2008 trial date because it is the soonest we could be reasonably ready to start trial with the express purpose of ensuring that these witnesses could be available for live testimony.

2. The defense of this matter is extremely costly. Captain Cota has limited financial resources and has been trying to get these two counts tried – first in May and now in October. In both instances, the government has filed new charges and prevented Captain Cota from having his day in court. This in turn has increased the financial pressures he faces to mount a defense.

The addition of Fleet Management ("Fleet") as a party creates a very real danger that the new defendant will need additional time before it is ready for trial. This will prejudice Captain Cota. We do not want a further delay, especially if that will prevent us from having the crew appear as live witnesses and not just on video-tape. Further, if there is a joint trial with Fleet, we will seek to exclude any medical evidence since it relates only to the false statement charges and not the alleged negligence count.

For these reasons, Captain Cota urges the Court to keep the October 6, 2008 trial date and to sever his case from the new charges pending against Fleet if necessary. The crewmember witnesses will then be able to testify in early October at trial. Fleet can then take their depositions and they can be released to go home.

There are additional equitable reasons for keeping the existing trial date and setting clear deadlines to ensure that the government provides the additional necessary discovery the defendant needs in a timely manner.[1] The crew has been available to the government since the incident at anytime it sought to conduct interviews. The computer records were seized shortly after the accident last November. For some reason, the government did not actively follow up on its initial interviews of the crew or examine the seized computer evidence until June 2008. This delay would seem to raise important questions since the government decided almost immediately to grant these witnesses immunity apparently before evaluating their conduct.

Under these circumstances, if necessary, we believe that it is appropriate to sever the defendants for trial. While the government may complain about the burden of trying these counts twice – it is a problem of the government's own making. In addition, the potential monetary impact to Fleet if it is convicted, while not insignificant, is qualitatively less severe than the potential jail sentence and monetary sanctions Captain Cota faces if he is convicted as the only individual defendant to be charged in this case.

//
//
//
//
//
//

---

[1] We have been working cooperatively with the government in obtaining discovery but it appears that some of the federal agencies that have investigated this case are finding new information in their files that they have previously not produced. We also note that in its Opposition to the Clean Water Act Motion to Dismiss, the government referred to experts who it claims will testify that Captain was negligent and that he violated various "rules of the road". Opposition at 4. The government has not produced any expert reports and should be required to do so immediately so that the defendant can prepare for trial. The government should be required to promptly produce all remaining discovery.

3.

Defendant John Cota's Status Conference Statement  - CR 08-0160 SI

1  For these reasons, we request that the Court maintain the October 6, 2008 trial date. We further
2  request that the government should be required to complete its discovery forthwith and that the
3  pretrial conference date be rescheduled for September 12, 2008.
4
5                                             Respectfully submitted,
6
7                                             K& L GATES LLP
8
9  Dated:   July  25, 2008           By:   /s/ Jeffrey L. Bornstein
10                                         Jeffrey L. Bornstein, Esq.
                                           Luke G. Anderson, Esq.
11                                         Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                           Christopher R. Tate, Esq., *Admitted Pro Hac Vice*
12
                                           Attorneys for Defendant
13                                         JOHN J. COTA

4.

Defendant John Cota's Status Conference Statement  - CR 08-0160 SI

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On July 25, 2008, I served the document(s) described as:

**DEFENDANT JOHN COTA'S STATUS CONFERENCE STATEMENT**

on the parties to this action named on the attached service list by the method described below.

(BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

(BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

**X** (BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

(BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

(BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

Executed on July 25, 2008 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

___/s/ Mae A. Chu_____
Mae A. Chu

**SERVICE LIST**

| | |
|---|---|
| **Stacey Geis, Esq.**<br>**Jonathan Schmidt, Esq.**<br>Assistant United States Attorneys<br>U.S. Attorney's Office<br>450 Golden Gate, 11th Floor<br>San Francisco, CA 94102<br><br>Fax: (415) 436-7234 | **Richard Udell**<br>US Department of Justice, Environment Crimes Section<br>PO Box 23985<br>Washington, DC 20026<br><br>Fax: (202) 305-0396 |
| **Marc R. Greenberg, Esq.**<br>Keesal, Young & Logan<br>400 Oceangate<br>Long Beach, California  90801-1730<br><br>Fax: (562) 436-7416 | |

6.

Defendant John Cota's Status Conference Statement - CR 08-0160 SI