Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
K&L Gates LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN J. COTA and<br>FLEET MANAGEMENT, LTD.<br><br>　　　　　　　Defendants. | Case No. CR 08-0160 SI<br><br>**DEFENDANT JOHN J. COTA'S OPPOSITION TO DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS**<br><br>Date: September 3, 2008<br>Time: 2:00 p.m.<br>Judge: Honorable Susan Illston<br><br>Speedy Trial Act: Excludable time through Disposition; 18 U.S.C. § 3161(h)(1)(F) |

　　　　Defendant John J. Cota ("Captain Cota"), by and through undersigned counsel, hereby files this Opposition ("Opposition") to the Motion to Unseal Documents Filed With This Court ("Motion to Unseal"), filed by Defendant Fleet Management Ltd. ("Fleet"), insofar as the Motion to Unseal asks this Court to unseal documents containing confidential medical and personal information about Captain Cota. Protecting this information from public disclosure, at this time, serves the compelling interest of protecting Captain Cota's right to privacy regarding his medical

1.

conditions. This compelling interest is not outweighed by Fleet's stated interest in this information. Without an appropriate protective order, any of Captain Cota's medical information released to Fleet will almost certainly find its way into the public domain, given that Fleet has already demonstrated quite clearly its intent publicly to disseminate negative and baseless allegations against Captain Cota. While certain history relating to Captain Cota's health is already in the public record, the information that is under seal is highly personal and, to date, has not been shown to have any relevance to this matter. Unsealing this information now will only serve to embarrass Captain Cota and to further prejudice the jury pool. Therefore, Captain Cota opposes the Motion to Unseal to the extent that it would publicly reveal Captain Cota's medical and personal information, and respectfully requests that this Court enter an order protecting such information from disclosure to Fleet or the public.

I.   **FACTUAL BACKGROUND**

On April 22, 2008, a grand jury returned a four-count Indictment against Captain Cota, alleging two counts of false statements in violation of 18 U.S.C. § 1001(a), one count of negligent violation of the Federal Water Pollution Control Act ("Clean Water Act"), under 33 U.S.C. § 1319(c) (1), and one misdemeanor count of violating the Migratory Bird Treaty Act, 16 U.S.C. § 707(a). The first two counts arise out of statement allegedly made by Captain Cota on his medical forms for Coast Guard licensing procedures from January 2006 and January 2007; the latter two charges arise out of the allision of the M/V COSCO BUSAN with the San Francisco Bay Bridge on November 7, 2007. On June 13, 2008, Captain Cota filed three motions: a motion to dismiss the false statement counts in the Indictment ("False Statement Motion"), a motion to dismiss the Clean Water Act counts in the Indictment ("Clean Water Act Motion"), and a motion to sever the Clean Water Act and Migratory Bird Treaty Act counts from the false statement counts ("Motion to Sever Counts"). The False Statement Motion referred to six exhibits filed under seal ("False Statement Exhibits"), along with a declaration by counsel ("Bornstein Declaration") describing the information in the False Statement Exhibits and the reasons for filing under seal. The False Statement Exhibits and the Bornstein Declaration, which

2.

are incorporated herein by reference, contain extremely private medical information, such as Captain Cota's medical history, including the diagnosis and treatment of various medical conditions by his physicians, his prescription medications, as well as other personal information including his phone number and social security number. This Court granted the sealing order filed with the False Statement Exhibits.

On July 3, 2008, the United States opposed all three motions filed by Captain Cota on June 13. The government's opposition to the False Statement Motion ("False Statement Opposition") was filed under seal, because it contained the same type of information that Captain Cota included in some of the False Statement Exhibits. The court granted the sealing order with respect to the False Statement Opposition. On July 10, 2008, two additional documents were filed under seal, docket numbers 73 and 74.[1] On July 21, 2008, this Court denied Captain Cota's motions to dismiss, but granted the Motion to Sever Counts, holding that "the alleged false statements are not of similar character or based on the same act or transaction as defendant's alleged negligence." *United States v. Cota*, No. 08-CR-0160, slip op. at 2 (N.D. Cal. filed July 21, 2008).

On July 22, 2008, the United States filed a Superseding Indictment, adding Fleet as a defendant and charging it with violations of the Clean Water Act and Migratory Bird Treaty Act, as well as three counts of false statements and three counts of obstruction of justice in violation of 18 U.S.C. § 1519. The Clean Water Act and Migratory Bird Treaty Act charges against Fleet also arise out of the allision of the COSCO BUSAN; the false statement and obstruction counts arise from Fleet employees systemically falsifying passage plans and other documents relevant to the voyage of November 7, 2007, as well as making false and misleading statements to investigators regarding the incident.

---

[1] On information and belief, Docket Numbers 58 and 59 likely correspond to the False Statement Exhibits and the sealing order entered as to those documents, and Docket Numbers 71 and 72 likely correspond to the government's Opposition to the False Statement Motion and the sealing order as to that Opposition. Captain Cota is unaware of the contents of docket numbers 73 and 74.

3.

**DEFENDANT JOHN J. COTA'S OPPOSITION TO DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS**
CR 08-0160 SI

On August 14, 2008, Fleet filed its Status Conference Statement, in which it demonstrated in no uncertain terms that its defense strategy will concentrate on disparaging both the conduct and character of Captain Cota through unfounded rumor and innuendo. In its statement Fleet contended, *inter alia*, that the allision was due to Captain Cota's "drug abuse" even though he passed a drug test following the allision and has never abused illegal or prescription drugs. Defendant Fleet Management, Ltd.'s Status Conference Statement at 4. Fleet also claims that Captain Cota suffered from medical impairments so profound that the Coast Guard bears responsibility for the allision, because to license Captain Cota, in Fleet's opinion, amounted to negligence. *Id.* These baseless and prejudicial arguments seek to echo the wave of adverse and biased media scrutiny directed at Captain Cota since November 7, 2007. On August 22, 2008, Captain Cota moved to sever Fleet from his trial on the Clean Water Act and Migratory Bird Treaty Act counts, on the grounds that Fleet's defense to those charges was so antagonistic to Captain Cota that it prejudiced him.

Fleet filed its Motion to Unseal on August 20, 2008. It argues that there is no compelling reason to uphold the seal on the six sealed documents, and that Fleet has a demonstrable interest in the contents of those documents. Fleet also argues that there are less restrictive alternatives to upholding the seal. As explained more fully below, Fleet's arguments on these points are without a legal basis.

## II. ARGUMENT

### A. Compelling Interests Exist To Maintain These Documents under Seal

As noted above, this Court has already granted the sealing order with respect to documents that contain Captain Cota's medical history. Fleet now wishes to overturn the Court's ruling, but has provided no precedent supporting its request. It has not cited to a single case where documents previously sealed from the public record were subsequently unsealed simply because a new defendant entered the case.

Documents filed with dispositive motions may be filed under seal if there is a "compelling reason" to do so. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178

4.

(9th Cir. 2006). The "compelling reasons" standard requires the court to balance the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes." *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 802 n.9 (9th Cir. 2007) (citations omitted). Other "compelling reasons" include "sensitive personal information." *Kamakana*, 447 F.3d at 1184. Several courts in this circuit have permitted parties to file documents under seal where they contain a party's medical and personal identification information. *See, e.g., Smykla v. Hennessey*, 2007 WL 518864 at *2 (N.D. Cal. 2007); *Johansen v. San Diego County Police Dep't*, 2008 WL 170016 at *1 (S.D. Cal. 2008).

Medical information is entitled to more pervasive federal privacy protection than almost any other analogous type of information. *See, e.g.,* Health Information Portability and Accountability Act, 104 P.L 191 (codified in scattered sections of 42 U.S.C.). The government and Captain Cota have, in their previous filings, been quite careful to protect Captain Cota's medical history from public disclosure. *See, e.g.,* False Statement Exhibits; Opposition to False Statement Motion. Fleet, by contrast, has been quite comfortable making scurrilous and unfounded allegations regarding Captain Cota's health. *See, e.g.,* Defendant Fleet Management, Ltd.'s Status Conference Statement at 4-7. Given Fleet's prior conduct, it is virtually certain that, were these documents to enter into the public record, Fleet would use these irrelevant details about Captain Cota's health conditions to attempt to subject him to public scorn and ridicule. This would further prejudice a jury pool that has already been tainted by the misleading media onslaught directed at the health and medical status of Captain Cota. *See* Defendant John J. Cota's Memorandum of Points and Authorities In Support of Motion to Change Venue Or, Alternatively, For Special Jury Selection Procedures at 15-16.[2]

---

[2] Fleet's recent activity in this case highlights the need for the relief Captain Cota requested in that motion: Fleet will continue to expose the public (and, by extension, the jury pool) to its absurd and baseless allegations against Captain Cota, thereby tainting the jury pool. Fleet's approach emphasizes the antagonistic nature of Fleet's defense to the charges against it, and, as such, strongly supports the pending motion severing the trial of Fleet and Captain Cota.

5.

**DEFENDANT JOHN J. COTA'S OPPOSITION TO DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS**
**CR 08-0160 SI**

Captain Cota understands that there may come a time when, for example, certain information about his health history is deemed admissible at trial for the false statement charges pending against him. At that point, such information would of course be appropriate for disclosure. The court has not determined what portions of Captain Cota's medical history are relevant or admissible to those false statement charges, and in any event has decided that those false statements are irrelevant to the Clean Water Act and Migratory Bird Treaty Act charges currently set for trial with Fleet. Any blanket order unsealing these documents at this time would be, at best, premature, and could expose Captain Cota to prejudicial and scandalous attacks prior to his trial. For the foregoing reasons, the seal on these documents should be maintained.

**B.      Unsealing Documents in the Record Is Inappropriate Relief for the Harm Fleet Allegedly Faces**

Fleet argues that certain bedrock cases of discovery, such as *Brady v. Maryland*, 373 U.S. 83 (1963) support its request to unseal. A motion to unseal documents is not necessary to resolve a discovery dispute between Fleet and the government. Fleet should, instead, seek these documents through the traditional avenues of criminal discovery as set out in Fed. R. Crim. P. 16 and applicable local rules and orders. In fact, it is Captain Cota's understanding that the government has already provided Fleet with adequate disclosure of this information, pursuant to a protective order that is being negotiated by the parties. Because Fleet already has access to this information through the traditional discovery process, its Motion to Unseal is both inappropriate and unnecessary, and should be denied.

**C.      Adequate Alternatives to Maintaining These Documents under Seal Do Not Exist**

Fleet argues that alternatives to sealing these documents, such as a protective order and redaction, could provide the protection necessary for any confidential information. Captain Cota welcomes the entry of a protective order which insulates from disclosure potentially embarrassing and jury contaminating details about his personal health. Unfortunately, Fleet rejected the protective order proposed by Captain Cota <u>on the grounds that it would prevent them</u>

6.

from disseminating private information about Captain Cota's medical history. *See* Defendant Fleet Management Ltd.'s Objection To Proposed Protective Order at 4-5. In that filing, in its Status Conference Statement, and elsewhere, Fleet has demonstrated that it cannot be trusted not to make scandalous and unfounded allegations regarding sobriety, addiction, abuse, and medical infirmities. Fleet apparently plans on continuing to make these arguments regardless of the relevance or outrageousness of any such argument. It is clear that, without adequate protection, Fleet will use any of Captain Cota's medical history against him whether or not it pertains to the events of November 7, 2007. Unless a protective order provides that access to Captain Cota's medical history shall be limited and controlled, the protection provided to Captain Cota's privacy and reputational interests would be inadequate.

### III. CONCLUSION

For the foregoing reasons, Captain Cota respectfully requests that this Court deny Fleet's Motion to Unseal and maintain any records containing his confidential medical information under seal.

Respectfully submitted,

K&L GATES LLP

Dated: August 27, 2008        By:  /s/ Jeffrey L. Bornstein
                                   Jeffrey L. Bornstein, Esq.
                                   Luke G. Anderson, Esq.
                                   Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                   Christopher R. Tate, Esq., *Admitted Pro Hac Vice*

                                   Attorneys for Defendant
                                   JOHN J. COTA

7.

**DEFENDANT JOHN J. COTA'S OPPOSITION TO DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS**
CR 08-0160 SI

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On August 27, 2008, I served the document(s) described as:

**DEFENDANT JOHN J. COTA'S OPPOSITION TO DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS**

on the parties to this action named on the attached service list by the method described below.

⬚ (BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

⬚ (BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

**X** (BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

⬚ (BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

⬚ (BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

Executed on August 27, 2008 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

                                                       /s/ Maria Batres
                                                       Maria Batres

**SERVICE LIST**

Stacey Geis, Esq.
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate, 11th Floor
San Francisco, CA 94102
Fax: (415) 436-7234

Richard Udell, Esq.
U.S. Department of Justice, Environment Crimes Section
PO Box 23985
Washington, DC 20026
Fax: (202) 305-0396

Marc R. Greenberg, Esq.
Keesal, Young & Logan
400 Oceangate
P.O. Box 1730
Long Beach, CA  90801-1730
Fax: (562) 436-7416

9.

**DEFENDANT JOHN J. COTA'S OPPOSITION TO DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS**
**CR 08-0160 SI**