IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. CR 08-00160 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT JOHN J. COTA'S MOTION TO CORRECT SENTENCE** |
| v. | |
| JOHN J. COTA and FLEET MANAGEMENT, LTD., | |
| Defendants. | |

Now before the Court is defendant John J. Cota's motion to correct his sentence. Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. Pro. 35(a). Defendant contends that the Court committed clear error when sentencing defendant on July 17, 2009. At defendant's sentencing hearing, the Court asked the government whether criminal penalties for negligent conduct resulting in oil spills were imposed after the *Exxon Valdez* oil spill, which occurred in 1989. The government responded that they were. *See* Def. Mot., ex. A (Tr. 28:14-18.). Later in the hearing, the Court stated, "In the wake of situations like the *Exxon Valdez* spill, the Congress has changed the laws and has criminalized some behavior which previously might have been treated as a civil matter." *Id.* Tr. 37:24-38:2.

Defendant points out that even before the *Exxon Valdez*, a defendant could be charged with criminal negligence for conduct resulting in an oil spill. The Federal Water Pollution Control Amendments of 1972 included criminal penalties for negligent unlawful discharges of pollutants. *See* Pub. L. 92-500, §§ 301(a), 309(a)(4)(c)(1).

Defendant's point is well taken in that criminal penalties for negligent discharge of pollutants were available before the *Exxon Valdez*. The Court nonetheless remains convinced that the sentence it imposed was appropriate. Defendant was charged with and pled guilty to violations of 33 U.S.C. §§ 1319(c)(1)(A) and 1321(b)(3). The Oil Pollution Act of 1990 ("the OPA"), which was enacted in the wake of the *Exxon Valdez* oil spill, amended 33 U.S.C. § 1319(c)(1)(A), which lists the subsections for which criminal penalties for negligent violations of the Clean Water Act are permissible, to add discharge of oil in violation of 33 U.S.C. § 1321(b)(3). *See* Pub. L. 101-380, § 4301(c). This amendment clarifies congressional intent for oil spills to be punishable with criminal penalties. More fundamentally, irrespective of when Congress first allowed criminal penalties for negligent discharge of oil, the conduct at issue in this case appears to be precisely the type Congress intended to penalize. The Court finds no reason to deviate from sentencing guidelines Congress has prescribed for defendant's negligent acts. Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 28, 2009

SUSAN ILLSTON
United States District Judge